■ GERRY VOZDIK et al., Respondents, v ROBERT FREDERICK, Appellant.—Levine, J. Appeal from an order of the Supreme Court (Plumadore, J.), entered April 21, 1988 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs were injured in a fire in their apartment on March 21, 1986. The fire originated at the west wall of a bedroom in the vicinity of an electrical outlet. Investigation at the scene immediately after the fire revealed that an extension cord was plugged into this outlet.

Plaintiffs subsequently commenced this action against de-

fendant, their landlord, alleging that the fire was caused by his negligent wiring and failure to adequately maintain and inspect the apartment's electrical system. After joinder of issue and some disclosure, defendant moved for summary judgment dismissing the complaint on the ground that the fire originated in plaintiffs' worn extension cord and not the wall outlet. In support of his motion defendant submitted an attorney's affidavit and three unsworn investigative reports which defendant had apparently obtained from plaintiffs. One report was by Kenneth Posson, a fire investigator who was at the scene shortly after the fire. The second report was by John Paradise, a private investigator, and the third report was by Thomas Conlan, a licensed electrical contractor with whom Paradise had consulted. The reports by Paradise and Conlan identified the extension cord as the cause of the fire. Posson's report, however, concluded that the fire began "as a result of excessive heat buildup at the wall outlet or the extension cord". In opposition to defendant's motion, plaintiffs submitted, *inter alia,* an attorney's affidavit stating that triable issues of fact existed concerning the origin of the fire. Supreme Court denied the motion for summary judgment and this appeal by defendant ensued.

On appeal, defendant contends that Supreme Court erred in denying his motion on the ground that the three investigative reports established that the sole cause of the fire was plaintiffs' own extension cord and plaintiffs, in their responding papers, failed to create a triable issue of fact. Defendant alleges that Conlan and Paradise conducted their investigations at plaintiffs' request. Thus, according to defendant, the unsworn reports by Conlan and Paradise were admissible against plaintiffs as vicarious admissions, under an agency theory. Contrary to defendant's contention, however, there is no evidence in the record that such an agency relationship existed with plaintiffs. Hence this contention must be rejected.

Defendant also relies on *Lowe v Bennett* (122 AD2d 728, *affd* 69 NY2d 700) as support for his contention that unsworn reports of third parties obtained from an adversary are properly considered on a motion for summary judgment as admissions by the adversary. However, in our view, defendant has misinterpreted *Lowe v Bennett (supra).* In *Lowe,* the motion for summary judgment was supported by ample competent evidence in the form of deposition testimony and hospital records. Thus, the moving party was entitled to prevail without regard to the additional unsworn evidence which had been submitted on the motion. Accordingly, we do not read *Lowe* as

modifying in any way a party's initial burden, in moving for summary judgment, to support the motion by tender of evidentiary proof in admissible form *(see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067; *see also,* CPLR 3212 [b]).

Based on the foregoing, the reports by Paradise and Conlan were unsworn hearsay and Supreme Court properly disregarded these submissions. As to the report by the fire department investigator, even assuming, arguendo, that Posson's unsworn report was admissible as a business record, it was insufficient to support defendant's motion in light of its conclusion that the fire may have started at the wall outlet. Thus, we conclude that defendant failed to adduce sufficient evidence to establish that he was entitled to judgment in his favor as a matter of law. Consequently, his motion was properly denied without regard to the adequacy of plaintiffs' opposing papers *(see, Pastoriza v State of New York,* 108 AD2d 605, 606; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.12).

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.