■ JEAN HUGHES, Respondent, v CARROLS CORPORATION, Doing Business as BURGER KING, Appellant, et al., Defendant. [670 NYS2d 610] —Mikoll, J. Appeal from an order of the Supreme

Court (Rose, J.), entered May 2, 1997 in Broome County, which, *inter alia,* denied defendant Carrols Corporation's motion for summary judgment dismissing the complaint against it.

Plaintiff commenced this action seeking to recover damages for injuries she sustained when she allegedly slipped on a puddle of water, slid forward and caught her foot on the edge of the bunched floor mat causing her to fall at a fast food restaurant owned by defendant Carrols Corporation (hereinafter defendant) in the City of Binghamton, Broome County. The record established that large amounts of rain had fallen during the 24-hour period prior to plaintiff's accident. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint on the ground that it had no actual or constructive notice of the allegedly defective condition that caused plaintiff's fall. Supreme Court denied defendant's motion for summary judgment and this appeal ensued.

As the proponent of the motion for summary judgment, defendant had the initial burden to establish that it lacked actual or constructive notice of the allegedly dangerous condition which purportedly caused plaintiff's fall (*see, Edwards v Wal-Mart Stores,* 243 AD2d 803). In support of its motion, defendant submitted the affidavit of an employee who witnessed plaintiff's fall, wherein the employee averred that the floor mat was not bunched. Defendant also presented the pretrial testimony of Thomas Brunschmid, a manager at defendant's restaurant, who testified that the floors were continuously cleaned as needed and the floor mats were inspected daily.

In response, plaintiff testified that she observed water on the floor and the buckle in the floor mat when she entered the restaurant. Although plaintiff offered the hearsay statement of one of defendant's managers, present at the time of the incident, that the floor mat was prone to becoming bunched, a general awareness that the floor mats occasionally bunched is insufficient by itself to constitute notice of a dangerous condition (*see, Piacquadio v Recine Realty Corp.,* 84 NY2d 967, 969; *Van Winkle v Price Chopper Operating Co.,* 239 AD2d 692, 693; *Hamilton v Rite Aid Pharmacies,* 234 AD2d 778; *compare, Columbo v James River II, Inc.,* 197 AD2d 760). With respect to the water on the floor, the record fails to demonstrate that the water existed for any appreciable length of time prior to the incident, especially in light of the fact that the restaurant was very busy inasmuch as a large church group had entered the restaurant just prior to plaintiff. We conclude, therefore, that plaintiff failed to establish that defendant had actual or

constructive notice of any alleged defective or dangerous condition (*see, Eaton v Pyramid Co.*, 216 AD2d 823).

Cardona, P. J., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, with costs, by reversing so much thereof as denied defendant Carrols Corporation's motion; motion granted, summary judgment awarded to said defendant and complaint dismissed against it; and, as so modified, affirmed.