■ ROSE RICHARDSON-DORN et al., Appellants, v GOLUB CORPORATION, Individually and Doing Business as PRICE CHOPPER SUPERMARKETS, et al., Respondents. [676 NYS2d 260] —Carpinello, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered September 15, 1997 in Rensselaer County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Rose Richardson-Dorn (hereinafter plaintiff) and her husband, derivatively, commenced this action seeking to recover damages for injuries plaintiff sustained when she allegedly slipped and fell while entering defendants' supermarket in the City of Troy, Rensselaer County. Immediately following the accident, plaintiff filled out an accident report in the presence of the supermarket's assistant manager, Richard Dearborne, wherein she claimed that she tripped when her foot became entangled in a rug at the entranceway which had allegedly become "bunched up". In their complaint, as amplified by the bill of particulars, plaintiffs alleged, *inter alia*, that defendants affirmatively created a dangerous condition by not using a heavy-duty ribbed rug with a stiff rubber backing or a permanently anchored recessed rug at their entrance and were negligent in permitting a known and dangerous recurring condition to exist. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted defendants' motion and this appeal followed.

We affirm. As the proponents of the motion for summary judgment, defendants had the initial burden of establishing that they lacked actual or constructive notice of an allegedly dangerous condition (*see, Hughes v Carrols Corp.*, 248 AD2d 923). In support of their motion, defendants submitted the affi-

davit of Dearborne, who testified that the rug on which plaintiff fell was made of a synthetic substance designed to absorb moisture and that the rug's backing was made of a nonskid rubber which touched the floor and was intended to prevent buckling or bunching. Dearborne acknowledged that on occasion he had seen the rug at the store's entrance bunched up and therefore had made it a practice to check the rug on a regular basis and make sure that it was safely placed on the floor. He further testified that approximately 15 minutes prior to the time that plaintiff fell, he had checked the rug and area where plaintiff fell and noted that the area was dry and that the rug was in place. In our view, this proof was sufficient to satisfy defendants' initial burden (*see*, CPLR 3212 [b]). Significantly, "a general awareness that the floor mats occasionally bunch * * * is insufficient by itself to constitute notice of a dangerous condition" (*Hughes v Carrols Corp.*, *supra*, at 924; *see*, *Bernardo v P. & J. Edwards*, 246 AD2d 950). Nor can we agree that proof of an occasionally bunching rug, without more, raised a triable issue that a known "tripping hazard" (*Camizzi v Tops Inc.*, 244 AD2d 1002) existed which constituted "an ongoing and recurring dangerous condition * * * which was routinely left unaddressed" (*O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106, 106-107).

Notably, along with notice, a "plaintiff must also demonstrate that the alleged dangerous condition was the proximate cause of her injury" (*Dapp v Larson*, 240 AD2d 918). Here, plaintiffs' proof in opposition did not raise a legitimate issue of fact. In her deposition testimony, plaintiff acknowledged that she did not notice any problem with the rug prior to the accident and only saw it bunched up after she was already lying on the floor. From this proof, it was just as likely that the rug was in a safe condition prior to her fall and became bunched only as a result of the fall (*see*, *id.*). Significantly, it is well settled that " 'conclusions based upon surmise, conjecture, speculation or assertions are without probative value' " (*id.*, at 919, quoting *Maiorano v Price Chopper Operations Co.*, 221 AD2d 698, 699).

With respect to plaintiffs' contention that the rug used in defendants' supermarket was inherently defective and fell below the industry standard, we agree with Supreme Court that the affidavit of plaintiffs' expert, a physical engineer (who did not personally inspect the accident scene or rug), was too conclusory and speculative to raise an issue of fact sufficient to avoid summary judgment (*see*, *Van Alstyne v Fonda Refm. Church*, 224 AD2d 901, 902; *see also*, *Zalondek v Laudato*, 246 AD2d 742, 743).

Cardona, P. J., White, Peters and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.