(June 29, 2001)

■ CATHERINE VALENTINO et al., Individually and as Members of the Town Board of the Town of Ithaca, et al., Appellants, v COUNTY OF TOMPKINS et al., Respondents. [726 NYS2d 881] —Per Curiam. Appeal from an order of the Supreme Court (Mulvey, J.), entered June 15, 2001 in Tompkins County, which, *inter alia*, granted defendants' cross motion to dismiss the complaint.

Plaintiffs commenced this action for declaratory and injunctive relief based upon claims that Local Laws, 2001, No. 3 of Tompkins County, establishing new legislative districts from which the members of the Tompkins County Board of Representatives are elected, violates the Tompkins County Charter and the Federal and State Constitutions. Plaintiffs also moved for a preliminary injunction preventing implementation of the redistricting plan during the pendency of the action. Defendants answered and cross-moved to dismiss the complaint. Supreme Court granted the cross motion pursuant to CPLR

3211 (a) (7), dismissed the complaint and denied plaintiffs' motion. Plaintiffs appeal.

Inasmuch as the court, on a motion to dismiss for failure to state a cause of action, "must accept the allegations of the complaint as true and ignore the affidavits submitted by defendants" (*Henbest & Morrisey v W. H. Ins. Agency*, 259 AD2d 829, 830; *see, Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636), Supreme Court erred in granting defendants' cross motion to dismiss the complaint, which on its face states several causes of action. Assuming that the parties' submissions of facts and arguments on the cross motion are sufficient to deliberately chart a summary judgment course (*see, Gregware v Key Bank*, 218 AD2d 859, *lv denied* 87 NY2d 803), defendants' motion papers relied on facts regarding the capacity of the Cornell University dormitories that are inadmissible hearsay. Accordingly, defendants failed to meet their burden as the party seeking summary judgment to tender evidentiary proof in admissible form (*see*, CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562). Supreme Court's order dismissing the complaint must, therefore, be reversed. In addition, we decline plaintiffs' invitation to search the record and grant summary judgment in their favor.

We note that Supreme Court's denial of plaintiffs' motion for a preliminary injunction was based on its conclusion that the complaint should be dismissed. Accordingly, the merits of that motion were not considered by Supreme Court and, therefore, we will not consider them on this appeal, particularly in view of the likelihood of a change in circumstances during the pendency of this appeal. Our reversal of the order leaves the motion pending for resolution by Supreme Court in the first instance.

Cardona, P. J., Mercure, Crew III, Spain and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, without costs, and defendants' cross motion to dismiss the complaint denied.