Lahtinen, J.
Appeal from an order of the Supreme Court (Hester, Jr., J.), entered December 20, 2002 in Broome County, which denied, defendant’s motion for summary judgment dismissing the complaint.
Plaintiff Carol Rosati (hereinafter plaintiff) sustained injuries when she allegedly slipped and fell on a plastic hanger that had been left on the floor near an exit of defendant’s store in the Town of Vestal, Broome County. After discovery was completed, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion and this appeal ensued.
Defendant -alleges that there is no proof that it created the condition that caused plaintiff’s fall or that it had actual or constructive notice of the presence of a hanger on the floor. While plaintiffs will bear the burden at trial of establishing that defendant created or had notice of the condition, in the current procedural context—i.e., a motion for summary judgment by defendant—the “initial burden of establishing a prima facie entitlement to judgment” falls upon defendant (Altieri v Golub Corp., 292 AD2d 734, 734 [2002]; see Edwards v Wal-Mart Stores, 243 AD2d 803, 803 [1997]). Consistent with well-settled principles, the role of the court is limited to determining whether the' evidence in the record, when viewed in the light most favorable to the nonmovant, sets forth any triable factual issues (see Boyce v Vazquez, 249 AD2d 724, 726 [1998]).
Here, there is evidence indicating that the hanger belonged to *675 the store and there was reportedly a recurrent problem of hangers ending up on the floor. Store cashiers removed the hangers from apparel being purchased by patrons and the place where plaintiff fell was described by one witness as being within “a few feet” of one such cashier. There is proof indicating that, in addition to store cashiers, there was also at least one and perhaps two store employees standing within 10 feet of where plaintiff fell in an area where they “could easily have noticed and removed” the hanger (Rose v Da Ecib USA, 259 AD2d 258, 260 [1999]). Defendant’s assistant manager testified that store employees had been instructed to pick up any hangers they observed on the floor." The assistant manager further acknowledged that he did not know when the area where plaintiff fell, which was located in a high traffic area, had last been inspected before plaintiff’s accident for hangers or other debris. Based upon this record, we find factual issues as to whether defendant caused or had notice of the condition and, thus, Supreme Court properly determined that defendant is not entitled to summary judgment (see Deluna-Cole v Tonali, 303 AD2d 186 [2003]; Edwards v Wal-Mart Stores, supra; Van Steenburg v Great Atl. & Pac. Tea Co., 235 AD2d 1001 [1997]).
Crew III, J.P., Feters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.