GEORGIANNA COCHETTI, Appellant, v WAL-MART STORES, INC., Respondent. [804 NYS2d 857]—

Rose, J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered July 28, 2004 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this negligence action alleging that she was injured when she slipped and fell on a clear substance on the floor of an aisle in defendant's store. After issue was joined

and depositions were conducted, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiff now appeals, arguing that her allegation of a recurring condition was sufficient to raise a question of fact as to whether defendant had constructive notice of the dangerous condition.

Defendant met its initial burden of establishing that it had no constructive notice by relying upon plaintiff's own deposition testimony that the slippery substance was not visible or apparent and she did not see any footprints or tracks in it to indicate that it had been present for a sufficient period of time to permit discovery and correction (*see Lewis v Bama Hotel Corp.*, 297 AD2d 422, 423 [2002]; *Wimbush v City of Albany*, 285 AD2d 706, 706-707 [2001]). Defendant also offered evidence of its custom of conducting hourly safety sweeps of the store's aisles and that the unidentified substance here had not been observed during the day's first safety sweep, which would have been conducted one-half hour prior to plaintiff's fall (*see Hilsman v Sarwil Assoc., L.P.*, 13 AD3d 692, 694-695 [2004]).

In an attempt to establish constructive notice through evidence that defendant was aware of a recurring dangerous condition, plaintiff submitted the affidavit of defendant's former assistant store manager. He stated that he recalled occasional puddles of water on the floor of defendant's store when he arrived for work in the morning, and he surmised that they were caused by the equipment used to clean the store's floors during the overnight hours. Inasmuch as he does not identify where these occasional puddles occurred, or state that he observed them at either the place or time of day of plaintiff's fall, his statements fail to show anything more than a general awareness that a potentially dangerous condition might exist in defendant's store (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]; *Yearwood v Cushman & Wakefield*, 294 AD2d 568, 569 [2002]; *Richardson-Dorn v Golub Corp.*, 252 AD2d 790, 791 [1998]). In any event, at her deposition, plaintiff was unable to identify the substance she slipped on as water, testifying only that "I don't know if it was water or wax, I don't know what it was." Accordingly, Supreme Court correctly concluded that plaintiff failed to raise a material question of fact as to constructive notice.

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.