Maryann Salerno et al., Appellants, v Tonia Cara, Respondent. [813 NYS2d 556]—

Kane, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered May 10, 2005 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.

Defendant invited plaintiffs to her home for lunch. On the morning of this engagement, defendant placed a bag of garbage on her porch, left her dog outside on the porch and left her home. Before she returned, plaintiffs arrived. After plaintiffs walked onto the porch, plaintiff Maryann Salerno (hereinafter plaintiff) slipped and fell. While she was lying on the porch, she noticed pieces of garbage on the porch, a hole in the garbage bag, defendant's dog under a table and a clear piece of cellophane stuck to the sole of her shoe. To recover for injuries related to her fall, plaintiff and her husband commenced this action. Plaintiffs appeal from Supreme Court's grant of defendant's motion for summary judgment dismissing their complaint.

We affirm. Defendant, as property owner and proponent of the motion for summary judgment, was required to establish as a matter of law that she maintained her property in a reasonably safe manner, had no notice of a dangerous condition and did not create a dangerous condition which posed a foreseeable risk of injury to individuals expected to be present on the property (*see Monge v Home Depot*, 307 AD2d 501, 502 [2003]; *Altieri v Golub Corp.*, 292 AD2d 734, 734-735 [2002]). General awareness that a potentially dangerous condition might exist is insufficient to establish constructive notice of the particular condition which led to the plaintiff's fall (*see Cochetti v Wal-Mart Stores, Inc.*, 24 AD3d 852, 853 [2005]; *Kraemer v K-Mart Corp.*, 226 AD2d 590, 591 [1996]). Because there is no proof that defendant had any actual or constructive notice of the garbage strewn on her porch, plaintiffs had to show that defendant created a dangerous condition.* They failed to make such a showing.

Defendant acknowledged that when the dog was younger it got into garbage bags, but such conduct was not usual. The emergence of garbage strewn on the porch is too attenuated from defendant's actions in leaving her dog and a garbage bag on the porch. Under the circumstances, we decline to hold that defendant breached her duty to maintain her premises in a safe condition. Hence, defendant met her initial burden demonstrating her entitlement to judgment as a matter of law and plaintiffs failed to proffer sufficient evidence to raise questions of fact regarding defendant's breach of duty.

Cardona, P.J., Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

* At oral argument, defense counsel conceded that there is at least a question of fact as to whether household garbage strewn on a porch constitutes a dangerous condition for individuals invited onto that porch. We accept that concession in our analysis.