■ GREGORY BRAY, Respondent, v McGILLICUDDY'S TAP HOUSE, LTD., Appellant. [838 NYS2d 262]—

Peters, J.P. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered January 11, 2006 in Ulster County, upon a decision of the court in favor of plaintiff.

Plaintiff, a teacher at SUNY New Paltz, met his friend, Albert Beluli, at P & G's restaurant late in the evening on April 23, 2003. After consuming two alcoholic beverages, they left P & G's at approximately 2:30 A.M. to go to defendant's establishment which was across the street. There, they dined and played

---

video games for approximately 45 minutes. When they arrived, there were approximately seven people present; two came in afterwards and two left during the duration of their stay. When plaintiff went to leave defendant's establishment, he tripped on a raised portion of a rug in the entranceway, causing him to fall forward and strike his face on the iron armrest of the bench situated in the vestibule. This negligence action followed.

A nonjury trial was held at which both plaintiff and Beluli testified that the entranceway was darkly lit. Plaintiff detailed how his left foot caught onto a three to five-inch raised portion of the rug which he did not notice until after his fall. Although Beluli did not exit with plaintiff, he saw plaintiff immediately afterwards. Plaintiff described his fall to Beluli and Beluli personally observed the rise in the rug as they both exited to wait for an ambulance. Beluli also testified that he frequently saw patrons trip on the raised rug when he was in defendant's establishment on a Friday evening. Yet, neither plaintiff nor Beluli had observed this rise in the rug when they entered approximately 45 minutes earlier.

The bartender on duty, Paul Winnis, had been working at defendant's establishment for approximately one year. Winnis confirmed that the subject rug would frequently rise up on a weekend and that defendant has assigned two employees the task of inspecting the rug on these high traffic evenings. On the day of the accident, which was a Wednesday, only Winnis was responsible for inspecting the rugs. He claimed that he was able to see the entranceway from all but one area of the bar and had been monitoring the rugs "constantly" throughout the evening.

Supreme Court found that the rise in the rug existed prior to plaintiff's fall, that it constituted a recurrent dangerous condition of which defendant was aware, and that such condition was the proximate cause of plaintiff's injuries. After an award of damages, defendant appealed.

While we are, in a matter of this kind, permitted to "independently consider the probative weight of the evidence and the inferences to be drawn therefrom" (*Jump v Jump*, 268 AD2d 709, 710 [2000]; *accord Sterling v Sterling*, 21 AD3d 663, 664 [2005]; *F&K Supply v Willowbrook Dev. Co.*, 304 AD2d 918, 920 [2003], *lv denied* 1 NY3d 502 [2003]), we will accord deference to the credibility determinations made by a trial court if supported by record evidence (*see Mobile Motivations, Inc. v Lenches*, 26 AD3d 568, 569 [2006]; *Sterling v Sterling, supra* at 665). Here, Supreme Court credited the testimony of both Winnis and Beluli that the rise of the rugs was a frequently recurring condition of which defendant was aware. For that reason, it

found that defendant had constructive notice of this dangerous condition (*see Padula v Big V Supermarkets*, 173 AD2d 1094, 1096 [1991]; *see also Erikson v J.I.B. Realty Corp.*, 12 AD3d 344, 345-346 [2004]; *Allison v D'Agostino Supermarkets*, 282 AD2d 219, 219 [2001]; *Camizzi v Tops, Inc.*, 244 AD2d 1002, 1002 [1997]; *compare Richardson-Dorn v Golub Corp.*, 252 AD2d 790, 791 [1998]; *Snyder v Golub Corp.*, 199 AD2d 776, 777 [1993], *lv denied* 83 NY2d 754 [1994]). Finding the frequency of the problem to be more than a general awareness (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]; *Hughes v Carrols Corp.*, 248 AD2d 923, 924 [1998]), Supreme Court's determination that defendant had notice of the particular condition that caused plaintiff's fall was properly supported. Inasmuch as Supreme Court further acknowledged Winnis's testimony regarding the measures employed by defendant to rectify the condition on the evening in question, there is ample support for its implicit conclusion that defendant should have, but failed to, correct the condition in the exercise of reasonable care (*see Columbo v James River, II, Inc.*, 197 AD2d 760, 761 [1993]).

Plaintiff also proved that the allegedly dangerous condition was the proximate cause of his injuries. Testimony established that there were additional patrons who entered and exited this establishment during the course of their stay and we find Supreme Court to have properly rejected Winnis's testimony concerning plaintiff's sobriety.

Finally, rejecting defendant's contention that Supreme Court should have considered plaintiff's comparative negligence despite proof that the entranceway was dimly lit, that plaintiff's attention was focused on his exit and that no one observed him having any difficulty walking or using his fine motor skills (*see* CPLR 1411, 1412), we affirm.

Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.