■ MARY BLACK, Appellant, v KOHL'S DEPARTMENT STORES, INC., Respondent. [914 NYS2d 469]—

McCarthy, J. Appeal from an order of the Supreme Court (Egan Jr., J.), entered January 28, 2010 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

---

Plaintiff commenced this personal injury action after tripping and falling in defendant's store. Plaintiff claimed that she caught her foot on a purse that was lying on an aisle floor. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion, prompting this appeal.

When considering a motion for summary judgment, courts must view the evidence in a light most favorable to the nonmoving party and accord that party the benefit of every reasonable inference from the record proof, without making any credibility determinations (*see Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d 1218, 1219 [2007]; *Tenkate v Tops Mkts., LLC*, 38 AD3d 987, 989 [2007]). Courts must focus on issue finding rather than issue determination, and deny the drastic remedy of summary judgment if there is any doubt as to whether a material factual issue exists or if such an issue is even arguable (*see Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]; *Boston v Dunham*, 274 AD2d 708, 709 [2000]). Because plaintiff raised a triable issue of fact concerning defendant's constructive notice of the dangerous condition in its store, defendant's motion for summary judgment should have been denied.

In moving for summary judgment, defendant bore "the initial burden of establishing that it 'maintained the premises in a reasonably safe condition and neither created nor had actual or constructive notice of the allegedly dangerous condition'" (*Cietek v Bountiful Bread of Stuyvesant Plaza, Inc.*, 74 AD3d 1628, 1629 [2010], quoting *Candelario v Watervliet Hous. Auth.*, 46 AD3d 1073, 1074 [2007]; *see Cerkowski v Price Chopper Operating Co., Inc.*, 68 AD3d 1382, 1383 [2009]).[1] Defendant presented the testimony of Steven Heller, its store manager, that defendant received no complaints about its store or the condition of the floor in the area where plaintiff fell prior to the accident. He also indicated that purses are not displayed on the floor, but in standing display cases with shelves. Heller acknowledged that he had seen merchandise—including handbags—on the floor in the store and that, in retail generally, it was common that customers would knock merchandise to the floor. As a result, he testified, store employees were required to pick up

---

1. Contrary to the dissent's concerns, we are not imposing strict liability upon landowners. Under well established rules of tort law, defendant must act reasonably to maintain its property in light of all the circumstances and the class of potential plaintiffs consists of all members of the public invited into defendant's store (*see Peralta v Henriquez*, 100 NY2d 139, 144 [2003]; *Basso v Miller*, 40 NY2d 233, 241 [1976]).

any merchandise that fell to the floor and to make a sweep of the floors at the end of their shifts to ensure that the floors were clear of merchandise. Heller also stated that he arrived on the scene shortly after plaintiff's accident and did not observe any handbags on the floor. In addition, defendant presented an affidavit from Kimberly Camp, who worked in the accessories department where plaintiff fell, averring that she inspected the floor at 3:00 P.M. and that there was no merchandise on the floor at that time. Plaintiff alleged that the accident occurred between 3:15 P.M. and 4:00 P.M. and an accident report indicates that emergency medical services received a call regarding plaintiff's injury at 3:48 P.M. This evidence was sufficient to meet defendant's initial burden, thereby shifting the burden to plaintiff to proffer evidence creating a triable issue of fact (*see Cietek v Bountiful Bread of Stuyvesant Plaza, Inc.*, 74 AD3d at 1629; *Cochetti v Wal-Mart Stores, Inc.*, 24 AD3d 852, 853 [2005]; *Walker v Golub Corp.*, 276 AD2d 955, 956 [2000]).

Plaintiff makes no argument that defendant had actual notice and produced no evidence regarding the length of time that the purse that caused her to trip had been on the floor (*see Mueller v Hannaford Bros. Co.*, 276 AD2d 819, 819-820 [2000]; *cf. Negri v Stop & Shop*, 65 NY2d 625, 626 [1985]). However, constructive notice can also be established by evidence that the property owner was aware of an ongoing and recurring dangerous condition in the area of the accident and did not rectify the problem (*see Bush v Mechanicville Warehouse Corp.*, 69 AD3d 1207, 1208-1209 [2010]; *Mazerbo v Murphy*, 52 AD3d 1064, 1066 [2008], *appeal dismissed* 11 NY3d 770 [2008]; *Bray v McGillicuddy's Tap House, Ltd.*, 41 AD3d 1069, 1070-1071 [2007]; *Talavera v New York City Tr. Auth.*, 41 AD3d 135, 136 [2007]). Here, Heller acknowledged that he had seen merchandise, including handbags, on the floor in the store and that customers would commonly knock merchandise onto the floor. Camp averred that plaintiff's accident occurred in an aisle near a price checker and that customers would occasionally leave clothing hanging near the price checker or on shelves nearby, causing employees to more frequently attend to that aisle and the merchandise misplaced therein.[2]

Two nonparty customers who frequented defendant's store

---

2. The dissent complains that the affidavits from defendant's employees do not "constitute evidence of" defendant's actual knowledge of a recurring dangerous condition. We agree that those affidavits do not conclusively demonstrate or establish anything. However, where, as here, a defendant has met its burden of showing its prima facie entitlement to summary judgment, a plaintiff's only obligation is to raise a question of fact regarding defendant's negligence. The affidavits of defendant's employees and the nonparty custom-

approximately once per week for several years provided affidavits on plaintiff's behalf. One of those customers averred that she regularly visited the department where plaintiff fell, that "it is obvious that customers place purses on the ground without replacing them while rummaging through the sales bins," the purse department is in "continual disarray" and purses are often on the floor rather than in a display, "having either fallen or been placed there haphazardly by a shopper or a child." The other customer similarly related that, regardless of the time of her visits, the purse department always appeared like it had not been cleaned in a while and that "there was always an assortment of purses laying on the floor," making it difficult to navigate the narrow aisle (*compare Rosati v Kohl's Dept. Stores*, 1 AD3d 674, 675 [2003], *with Cochetti v Wal-Mart Stores, Inc.*, 24 AD3d at 853). This evidence, when considered in a light most favorable to plaintiff, was sufficient to meet her burden of raising a factual question concerning whether the recurring nature of the situation put defendant on constructive notice that a dangerous condition existed in its store (*see Hagin v Sears, Roebuck & Co.*, 61 AD3d 1264, 1265-1266 [2009]; *Bray v McGillicuddy's Tap House, Ltd.*, 41 AD3d at 1070-1071; *Rosati v Kohl's Dept. Stores*, 1 AD3d at 675).[3] Based upon this material question of fact, summary judgment is inappropriate and defendant's motion should have been denied.

Peters, Malone Jr. and Stein, JJ., concur.

Mercure, J.P. (dissenting). I respectfully dissent. The majority adopts a rule that evidence of merchandise dropped frequently on the floor of a department store by customers—a common condition that cannot be prevented in advance—may establish constructive notice of a dangerous condition despite proof that the aisle in which the plaintiff fell was inspected shortly before the incident. In my view, such evidence is insufficient—as a matter of law—to create a question of fact on the issue of whether the recurring nature of the situation may be deemed to

---

ers constitute sufficient evidence to raise questions of fact regarding the recurring nature of the condition and defendant's knowledge of it.

**3.** As the dissent correctly points out, the purse that allegedly caused plaintiff's fall was apparently lying on the floor for less than an hour. While plaintiff may not have been able to establish constructive notice of that particular purse creating a dangerous condition by being on the floor for that amount of time, the record contains sufficient evidence to create a triable question of fact regarding the existence of a recurring hazardous condition. Assuming a jury determines that a recurring hazardous condition existed, the length of time that the particular purse was on the floor is relevant to a separate triable issue of fact, namely whether defendant adequately addressed that dangerous condition.

have put defendant on constructive notice of each specific reoccurrence of the condition. Moreover, a rule that such evidence can obviate the need for a showing of constructive notice essentially renders department stores guarantors of customer safety with respect to hazards created by other patrons. The duty imposed upon property owners, however, is not one of "strict liability but rather requires that the landowner act reasonably when considering all the circumstances" (*Peralta v Henriquez*, 100 NY2d 139, 144 [2003]). Inasmuch as the evidence submitted by plaintiff is insufficient to overcome defendant's prima facie showing of entitlement to summary judgment, I would hold that Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. Indeed, "[h]olding otherwise . . . creates a precedent that expands the 'recurring unsafe condition' rule beyond manageable bounds" (*Mazerbo v Murphy*, 52 AD3d 1064, 1070 [2008, Rose, J., dissenting], *appeal dismissed* 11 NY3d 770 [2008]).

Specifically herein, the majority errs in concluding that the affidavits from the nonparty customers of defendant stating that the purse department was frequently in disarray create a question of fact. A plaintiff may not overcome a showing of prima facie entitlement to summary judgment merely by providing evidence that a recurring hazardous condition existed. Rather, even under our most expansive prior interpretation of the recurring condition rule, constructive notice of a recurrent dangerous condition will not be imputed absent a showing that the defendant had *actual knowledge* of the "ongoing and recurring unsafe condition which regularly *went unaddressed*" (*id.* at 1066 [emphasis added; internal quotation marks and citations omitted]; *see Migli v Davenport*, 249 AD2d 932, 933 [1998]; *Snyder v Golub Corp.*, 199 AD2d 776, 777 [1993], *lv denied* 83 NY2d 754 [1994]). The affidavits of the nonparty customers, however, do not constitute evidence of either required element— i.e., that defendant unreasonably failed to address the condition or that it had actual knowledge. First, plaintiff failed to counter defendant's showing that the aisle in which she fell was inspected as recently as 15 minutes before the accident and, at most, 48 minutes beforehand (*see Perry v Cumberland Farms, Inc.*, 68 AD3d 1409, 1410-1411 [2009], *lv denied* 14 NY3d 706 [2010]; *Cochetti v Wal-Mart Stores, Inc.*, 24 AD3d 852, 853 [2005]; *Mueller v Hannaford Bros. Co.*, 276 AD2d 819, 819 [2000]; *Walker v Golub Corp.*, 276 AD2d 955, 956 [2000]; *cf. Hagin v Sears, Roebuck & Co.*, 61 AD3d 1264, 1266 [2009]; *Rosati v Kohl's Dept. Stores*, 1 AD3d 674, 675 [2003]). Even viewing plaintiff's allegations of fact as true, as we must, imputing constructive notice based upon a recurring condition would

be unwarranted given this evidence of remedial action addressing the allegedly unsafe condition just prior to the incident.

Furthermore, the affidavits of the nonparty customers are devoid of any evidence of the type that this Court or the Court of Appeals has found sufficient to establish or give rise to an inference that defendant "had actual notice of a particular recurring safety issue that was reasonably within [its] power to correct" (*Chianese v Meier*, 98 NY2d 270, 278 [2002]). The affidavits do not contain evidence that *defendant* had actual knowledge of any dangerous condition in its purse department (*cf. Bush v Mechanicville Warehouse Corp.*, 69 AD3d 1207, 1208 [2010]; *Lowe v Spada*, 282 AD2d 815, 815-817 [2001]). In addition, the majority concedes that defendant had received no prior complaints about its store or the purse department, and plaintiff presented no evidence contradicting defendant's showing that there were no prior accidents in the area where she fell (*cf. Chianese v Meier*, 98 NY2d at 278; *Mazerbo v Murphy*, 52 AD3d at 1066-1067). Contrary to the majority's view, the affidavit of defendant's employee averring that customers occasionally left clothing hanging at a nearby price checker is not relevant to the issue of defendant's actual notice that purses on its floor—the particular dangerous condition that caused plaintiff's fall—presented a recurring, hazardous condition (*cf. Bray v McGillicuddy's Tap House, Ltd.*, 41 AD3d 1069, 1070-1071 [2007]; *Rosati v Kohl's Dept. Stores*, 1 AD3d at 675). Under these circumstances, the conceded awareness of defendant's store manager that items, including purses, were regularly dropped on the floor of its store and other retail stores "shows only a general awareness that a dangerous condition may be present" (*Perry v Cumberland Farms, Inc.*, 68 AD3d at 1411).

Such evidence is therefore legally insufficient to either create a question of fact regarding constructive notice or to obviate the need for a showing of notice, particularly given the absence of any "proof disputing the evidence that the [purse] had been present for only a short time" (*id.* at 1411; *see Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]; *Cochetti v Wal-Mart Stores, Inc.*, 24 AD3d at 853; *Gloria v MGM Emerald Enters.*, 298 AD2d 355, 355-356 [2002]; *Van Winkle v Price Chopper Operating Co.*, 239 AD2d 692, 693 [1997]; *Mercer v City of New York*, 223 AD2d 688, 691 [1996], *affd* 88 NY2d 955 [1996]). That is, "on the evidence presented, the [purse] that caused plaintiff's fall could have been deposited there only minutes or seconds before the accident and any other conclusion would be pure speculation" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 838 [1986]; *accord Rivera v*

*2160 Realty Co., L.L.C.*, 4 NY3d 837, 838-839 [2005]; *see Anderson v Klein's Foods*, 73 NY2d 835 [1988], *affg on op below* 139 AD2d 904, 905 [1988]).

Ordered that the order is reversed, on the law, with costs, and motion denied.