■ Diane Fontanelli et al., Appellants, v Price Chopper Operating Company, Inc., et al., Respondents. [931 NYS2d 800]—

Stein, J.

Plaintiff Diane Fontanelli (hereinafter plaintiff) was injured while shopping at defendants' supermarket when three gallon-sized water bottles fell from a shelf above her and hit her on the top and back of her head and on her arm. Plaintiff and her husband, derivatively, commenced this personal injury action alleging that defendants maintained their property in a dangerous and unsafe manner. They rely, at least in part, on the doctrine of res ipsa loquitur. Defendants moved for summary judgment after the completion of discovery. Supreme Court granted the motion and plaintiffs now appeal.

We affirm. In support of their motion, defendants submitted the deposition testimony of plaintiffs and of Fernando Delarosa and Gregory Conti—a frozen food manager and the grocery manager, respectively, at the subject store at the time of the accident. Plaintiff and her husband both testified that the bottles fell on her as she was bending down to pick up a box of water bottles on the floor and that she did not touch anything to

precipitate their fall. After plaintiff stepped back, she noticed that the bottles had fallen from one of the top shelves and that the bottles on that shelf "were laid out very close to the edge, hanging over the edge." Plaintiff's husband testified that the water bottles were "protruding [from] the shelf by at least half . . . of the gallon container."

Delarosa's testimony established that defendants' employees would not have stocked the water bottles in such a way that they would overhang the shelf by more than a fraction of an inch, that he had not heard about any incidents involving water bottles falling off the shelves in the three years that he had worked at that store, and that the store's employees continually monitored the shelves to ensure that they were properly stocked. Conti testified that, in furtherance of his responsibility for ensuring that all merchandise was properly stocked on the shelves, he walked through the aisles in the grocery department approximately every 60 minutes and that all other store employees were also responsible for ensuring that the shelves were properly stocked on a continuing basis throughout their shifts. Conti further testified that he had inspected the area five minutes before the accident and did not observe any dangerous conditions.

The foregoing was sufficient to establish defendants' prima facie entitlement to summary judgment by demonstrating that they maintained the property in a reasonably safe condition, did not create the allegedly dangerous condition that caused plaintiff's injury and had neither actual nor constructive notice of such condition (see Carpenter v J. Giardino, LLC, 81 AD3d 1231, 1231 [2011], lv denied 17 NY3d 710 [2011]; Cerkowski v Price Chopper Operating Co., Inc., 68 AD3d 1382, 1383 [2009]). Thus, the burden shifted to plaintiffs to produce evidence demonstrating a triable issue of fact (see Black v Kohl's Dept. Stores, Inc., 80 AD3d 958, 960 [2011]; Cietek v Bountiful Bread of Stuyvesant Plaza, Inc., 74 AD3d 1628, 1629 [2010]). Even viewing the evidence in the light most favorable to plaintiffs, as we must (see Kropp v Corning, Inc., 69 AD3d 1211, 1212 [2010]), we find that plaintiffs failed to do so.

We reject plaintiffs' contentions that their deposition testimony raised an issue of fact regarding whether defendants created the condition and, in any event, that they are not required to establish defendants' prior notice of such condition because the doctrine of res ipsa loquitur applies. Plaintiffs' testimony that the water bottles were precariously placed establishes only that the bottles were placed on the shelf by someone in an unsafe manner and does not create an issue of

fact as to whether defendants created the condition, as plaintiffs' contention that it was necessarily defendants who did so is wholly speculative (*see generally Holy Temple First Church of God in Christ v City of Hudson*, 17 AD3d 947, 948-949 [2005]; *Campagnano v Highgate Manor of Rensselaer*, 299 AD2d 714, 715-716 [2002]; *Wimbush v City of Albany*, 285 AD2d 706, 707 [2001]).

In addition, Supreme Court properly found that plaintiffs had failed to establish one of the conditions precedent for invocation of the doctrine of res ipsa loquitur. "[T]he evidentiary doctrine of res ipsa loquitur may be invoked to allow the factfinder to infer negligence from the mere happening of an event" (*States v Lourdes Hosp.*, 100 NY2d 208, 211 [2003]; *see Norton v Albany County Airport Auth.*, 52 AD3d 871, 875 [2008]). For the doctrine to apply, a plaintiff must show, among other things, that "the defendant had exclusive control over the agency or instrumentality causing the event" (*DeCarlo v Eden Park Health Servs., Inc.*, 66 AD3d 1211, 1212 [2009]; *see States v Lourdes Hosp.*, 100 NY2d at 211-212; *Schlanger v Doe*, 53 AD3d 827, 829 [2008]). While a plaintiff is not required to eliminate all other possible causes of the injury, he or she must nonetheless " 'demonstrate that the likelihood of causes other than the defendant's negligence is so reduced that the greater probability lies at [the] defendant's door, rendering it more likely than not that the injury was caused by [the] defendant's negligence' " (*Norton v Albany County Airport Auth.*, 52 AD3d at 875, quoting *Rondeau v Georgia Pac. Corp.*, 29 AD3d 1066, 1069 [2006]; *see Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 227-228 [1986]).

Here, it was unrefuted that anyone entering the store had unfettered access to the water bottles, rendering it equally likely that a customer caused the bottles to be precariously placed on the shelves (*see Ebanks v New York City Tr. Auth.*, 70 NY2d 621, 623 [1987]; *DeSimone v Inserra Supermarkets*, 207 AD2d 615, 616 [1994]). Thus, plaintiffs failed to show that the bottles were within defendants' exclusive control, such that it was more likely than not that their falling was caused by defendants' negligence. Accordingly, Supreme Court properly granted defendants' motion for summary judgment.

Mercure, J.P., Peters, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.