██ Patricia A. Maurer, Appellant, v John A. Coleman
Catholic High School, Respondent. [937 NYS2d 419]—

Lahtinen, J.█

" 'To prevail on its motion for summary judgment, defendant was required to establish that its property had been maintained in a reasonably safe condition, and that it did not create a dangerous condition that caused plaintiff's fall or have actual or constructive notice of that condition' " (*Carpenter v J. Giardino, LLC*, 81 AD3d 1231, 1231 [2011], *lv denied* 17 NY3d 710 [2011], quoting *Stewart v Canton-Potsdam Hosp. Found., Inc.*, 79 AD3d 1406, 1406 [2010]; *see Phillips v Northway Mall Assoc.*, 243 AD2d 786, 787 [1997]). Defendant offered proof that, to protect the gymnasium floor during various activities ranging from graduation to school plays, eight mats were rolled out and overlapped about six inches. They were described as being approximately the thickness of a necktie and composed of a rubbery or vinyl material. The mats were routinely inspected for tears or rips. The president of the school's parent association stated that, after the mats are rolled out and put in place, they are inspected for wrinkles or imperfections. If any wrinkles or imperfections are found, the mats are taped down in that area. He further testified that he inspected the floor mats the morning of the accident, prior to opening the craft fair to the public, and he did not recall any problems. Plaintiff's accident occurred about 30 minutes after the craft fair opened to the public. Defendant met its threshold burden of showing that it did not create the condition or have sufficient notice thereof (*see Cochetti v Wal-Mart Stores, Inc.*, 24 AD3d 852, 853 [2005]).

The burden shifted to plaintiff, and she submitted an affidavit from an engineer in an effort to show a factual issue as to whether defendant's placement of the mats created a dangerous

condition. An expert's affidavit must set forth a sufficient foundation for an opinion and not be merely conclusory (*see Bilinski v Bank of Richmondville*, 12 AD3d 911, 912 [2004]; *Phillips v McClellan St. Assoc.*, 262 AD2d 748, 749 [1999]). Plaintiff's expert did not examine defendant's mats and he simply referred generically to the mats as similar to many on the market. He acknowledged in his report that taping all seams was not required and that he was unaware of national or industry standards for installing these types of mats on gym floors. We agree with Supreme Court that plaintiff's expert failed to show an adequate foundation for his opinion and that such opinion was conclusory.

There was no evidence that defendant had actual notice that the mat had wrinkled or lifted in the area where plaintiff tripped. With regard to constructive notice, plaintiff submitted an affidavit from a witness who indicated that she observed the mat upon which plaintiff tripped to be slightly raised before plaintiff fell. However, as noted by Supreme Court, this witness unequivocally testified at her deposition that she did not observe the mat prior to plaintiff's fall, and she offered no explanation in her affidavit for the apparent significant inconsistency with her earlier testimony (*see Gould v International Paper Co.*, 223 AD2d 964, 966 [1996], *lv denied* 88 NY2d 808 [1996]). Moreover, plaintiff fell within about 30 minutes of the craft fair opening to the public and the entire area had been inspected that morning prior to the opening. The record fails to reveal triable issues on constructive notice (*see Cochetti v Wal-Mart Stores, Inc.*, 24 AD3d at 853; *Lewis v Bama Hotel Corp.*, 297 AD2d 422, 423 [2002]; *cf. Negri v Stop & Shop*, 65 NY2d 625, 626 [1985] [factual issue on constructive notice where there was evidence that grocery aisle with broken jar had not been inspected for as long as two hours]).

Spain, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.