■ TRACY FALLON et al., Appellants, v THOMAS DUFFY et al., Respondents. [943 NYS2d 289]—

Stein, J. Appeal from an order of the Supreme Court (Work, J.), entered July 6, 2011 in Ulster County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Tracy Fallon (hereinafter plaintiff) and her husband, derivatively, commenced this action to recover damages for personal injuries sustained by plaintiff when she slipped and fell while exiting defendants' residence after attending a party there. Just prior to her exiting, it had begun to rain and plaintiff—who was wearing "demi boots" with three-inch stiletto heels—alleged that the surface of the landing was very slippery. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiffs now appeal.

We affirm. Defendants, as the proponents of the motion for summary judgment, met their initial burden of demonstrating through the parties' deposition testimony that defendants maintained their property in a reasonably safe condition and

neither created nor had actual or constructive notice of a dangerous condition that caused plaintiff's fall (*see Maurer v John A. Coleman Catholic High School*, 91 AD3d 1168, 1168 [2012]). Defendant Thomas Duffy testified that he built the landing, using exterior grade material that had a grainy or gritty nonslip surface. Both defendants testified that they had not noticed any wearing on the surface of the landing and that no one had ever slipped or fallen in the area where plaintiff fell or complained that it was slippery or otherwise unsafe. Even plaintiffs testified that they had visited defendants' residence on a number of occasions, they had no trouble entering the home when they arrived for the party and they had never noticed anything unusual about the entrance area. Plaintiffs also testified that they had not notified defendants of any dangerous condition in the area where plaintiff fell. Inasmuch as the cumulative testimony indicated that defendants maintained the area in a reasonably safe condition, they had no notice that it was unsafe and plaintiff slipped on a surface that was wet due to the then-falling rain, the burden shifted to plaintiffs to establish a question of fact to warrant a trial (*see Fontanelli v Price Chopper Operating Co., Inc.*, 89 AD3d 1176, 1177 [2011]; *Zibro v Saratoga Natl. Golf Club, Inc.*, 55 AD3d 998, 999-1000 [2008]).

In opposition to defendants' motion, plaintiffs relied primarily on an affidavit, as well as an unsworn expert property inspection report, of Paul Economos that was based upon his examination of the accident site nearly two years after the accident. Notably, Supreme Court properly found that Economos' report did not constitute admissible evidence, as it was not affirmed or sworn to and no specific reference was made thereto in his affidavit (*see Moon v Cortland Mem. Hosp.*, 27 AD3d 870, 871 [2006]; *Anderson v Persell*, 272 AD2d 733, 734 [2000]). Thus, absent an explanation for the failure to submit such report in admissible form, it should not be considered (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In any event, even viewing the evidence in the light most favorable to plaintiffs and accepting plaintiffs' factual allegations as true (*see Fontanelli v Price Chopper Operating Co., Inc.*, 89 AD3d at 1177), Economos' report and affidavit are insufficient to defeat defendants' motion for summary judgment. The expert's speculative conclusions as to the cause of the accident simply have no evidentiary basis in the record. Moreover, Economos did not examine the area until two years after plaintiff's fall, and no evidence was provided to connect its condition at the time of the inspection with its condition at the

time of the accident (*see Gonzalez v State of New York*, 60 AD3d 1193, 1194 [2009], *lv denied* 13 NY3d 712 [2009]). Nor did Economos connect the conditions he observed to plaintiff's fall (*see Gomez v David Minkin Residence Hous. Dev. Fund Co., Inc.*, 85 AD3d 1112, 1113 [2011]). Inasmuch as "a cause of action for negligence cannot be maintained against a building owner solely on the basis of an inherently slippery floor" (*Cietek v Bountiful Bread of Stuyvesant Plaza, Inc.*, 74 AD3d 1628, 1629 [2010]; *see Sarmiento v C & E Assoc.*, 40 AD3d 524, 527 [2007]; *Pechtel v Gould*, 9 AD3d 653, 654 [2004]), plaintiffs have failed to raise a triable issue of fact to defeat defendants' motion for summary judgment (*see Maurer v John A. Coleman Catholic High School*, 91 AD3d at 1169; *Fontanelli v Price Chopper Operating Co., Inc.*, 89 AD3d at 1177-1178; *Gomez v David Minkin Residence Hous. Dev. Fund Co., Inc.*, 85 AD3d at 1113).

We have examined plaintiffs' remaining contentions and find them to be without merit.

Mercure, J.P., Spain, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.