Rose, J.
Appeal from an order of the Supreme Court (Gilpatric, J.), entered March 22, 2011 in Ulster County, which, among other things, granted a motion by defendant Admiral Insurance Company for summary judgment seeking a declaration in its favor.
In March 2006, plaintiff reported to defendant CSI, Inc., its *1635 third-party claims administrator, that an employee had filed a discrimination claim against it. CSI allegedly failed to notify plaintiff’s insurer until February 2008, after plaintiff again brought its employee’s claim to CSI’s attention. In April 2008, plaintiffs insurer denied coverage for the claim on the basis of late notice. Plaintiff eventually commenced this action against CSI for malpractice, alleging that CSI had negligently failed to give timely notice of the employee’s claim to plaintiffs insurer. CSI then sought coverage for plaintiffs malpractice action from its own professional liability carrier, defendant Admiral Insurance Company. Admiral’s policy contained a prior knowledge exclusion, however, and Admiral disclaimed coverage on the ground that CSI knew or should have known that plaintiff would have a claim against it prior to September 5, 2008, the effective date of Admiral’s claims made policy. In an amended complaint, plaintiff sought a declaratory judgment holding that Admiral was obligated to defend and indemnify CSI. After joinder of issue, but prior to any discovery, Admiral moved for summary judgment seeking, among other things, a declaration that it was not obligated to defend and indemnify CSI against the claim asserted by plaintiff. Supreme Court granted Admiral’s motion and plaintiff appeals.*
The parties agree that the appropriate legal standard for determining whether the prior knowledge exclusion relied on by Admiral is applicable requires a subjective determination of the insured’s knowledge of the relevant facts and an objective determination of whether a reasonable person in the insured’s position should have expected such facts to be the basis of a claim (see Liberty Ins. Underwriters Inc. v Corpina, Piergrossi Overzat & Klar LLP, 78 AD3d 602, 604-605 [2010]). Plaintiff contends that reversal is warranted here because Admiral failed to establish CSI’s subjective knowledge of the relevant facts with proof in admissible form. We agree.
Admiral argues that the allegations in plaintiff’s own amended verified complaint are a sufficient basis to warrant summary judgment. Those allegations are not conclusive evidence, however, when read in light of CSI’s verified answer. Although there is no dispute that plaintiff notified CSI of the discrimination claim in March 2006, CSI answered by denying the allegation that it failed to notify plaintiff’s insurer until February 2008. CSI also denied knowledge or information sufficient to form a belief as to whether plaintiff’s insurer then disclaimed coverage in April 2008.
*1636 Contrary to Admiral’s contention that Supreme Court could have relied on unsworn statements and letters from CSI employees submitted in support of the motion, we note that Supreme Court did not do so. In any event, those writings are not acknowledged as required by CPLR 4538 and, thus, do not qualify as evidentiary proof in admissible form (see CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Nor do they qualify as an admission absent evidence that the employees were authorized to speak on CSI’s behalf (see Gstalder v State of New York, 240 AD2d 541, 542 [1997]; Vozdik v Frederick, 146 AD2d 898, 900 [1989]). As the unsworn writings are inadmissible hearsay, they are insufficient to support the motion for summary judgment (see Matter of Patricia YY. v Albany County Dept. of Social Servs., 238 AD2d 672, 674 [1997]; Welch v Prevost Landowners, 202 AD2d 803, 804 [1994]).
In short, Admiral failed to meet its burden on the motion for summary judgment with proof in admissible form establishing the relevant facts of when CSI reported the claim and whether CSI was aware that plaintiff’s insurer disclaimed coverage prior to the effective date of Admiral’s policy. The pleadings, which are the only proof in admissible form, did not provide Supreme Court with a basis on which to conclude that CSI had subjective knowledge of those relevant facts. Accordingly, we reverse the order to the extent that it declared that Admiral was not required to defend and indemnify CSI (see Ames v Paquin, 40 AD3d 1379, 1380 [2007]; Valentino v County of Tompkins, 284 AD2d 898, 899 [2001]; Patterson v Palmieri, 284 AD2d 852, 853 [2001]).
Peters, PJ., Mercure, Lahtinen and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendant Admiral Insurance Company for summary judgment declaring that it was not required to defend and indemnify defendant CSI, Inc.; motion denied to that extent; and, as modified, affirmed.

 Admiral also sought dismissal of CSI’s cross claims for breach of contract against it. CSI did not oppose the motion and Supreme Court granted it.