■ DAVID VINCENT et al., Respondents, v ANGELO T. LANDI, Individually and Doing Business as ANGELO'S STEAK AND SEAFOOD RESTAURANT, Appellant, et al., Defendant. [957 NYS2d 503]—

Stein, J.

We affirm. As limited by plaintiffs' complaint, defendant, as the movant for summary judgment, bore the initial burden of establishing, as a matter of law, that he maintained the property in a reasonably safe condition and did not have actual or constructive notice of the allegedly dangerous condition (*see Edick v General Elec. Co.*, 98 AD3d 1217, 1218 [2012]; *Black v Kohl's Dept. Stores, Inc.*, 80 AD3d 958, 961 [2011]). In support of his motion, defendant provided, among other things, the deposition testimony of plaintiffs, as well as his own testimony. Defendant's testimony that his employees were instructed to keep the path shoveled and sanded and that, to his knowledge, they had done so on the day in question was arguably sufficient to demonstrate that defendant maintained the property in a reasonably safe condition. Defendant further testified that he was not present at the restaurant on the evening that plaintiff fell and learned of the icy condition thereafter from his employees who were working at the time, thereby establishing the absence of actual notice.

Plaintiff's wife testified that she did not see any ice before she entered the restaurant, but that she observed ice on the path from the doorway of the restaurant as she was exiting. According to plaintiff's testimony, he did not notice the ice until after he fell. Neither plaintiffs nor defendant were aware of any other patrons slipping or complaining about ice in the area where plaintiff fell. Given the characteristics of black ice, which "is, by its very nature, difficult to see" (*Martin v RP Assoc.*, 37 AD3d 1017, 1018 [2007] [internal quotation marks and citation omitted]) and plaintiffs' testimony that the ice formed in less than two hours, defendant also made a prima facie showing that he did not have constructive notice of the icy condition, as such "condition [was not] visible and apparent and in existence for a sufficient period of time so as to allow [him] an opportunity to take corrective action" (*Kearsey v Vestal Park, LLC*, 71 AD3d 1363, 1364 [2010] [internal quotation marks and citations omitted]). Thus, the burden shifted to plaintiffs to demonstrate the existence of a triable issue of fact (*see* CPLR 3212 [b]; *Cole v Roberts-Bonville*, 99 AD3d 1145, 1147 [2012]).

In opposition to defendant's motion, plaintiffs argued, among other things, that the formation of ice on the path leading from the parking area to the restaurant entrance was a recurring condition of which defendant was aware. "[W]here a [responsible party] has actual knowledge of the tendency of a particular dangerous condition to reoccur, he [or she] is charged with constructive notice of each specific recurrence of that condition" (*Bush v Mechanicville Warehouse Corp.*, 69 AD3d 1207, 1208 [2010] [internal quotation marks and citations omitted]; *see Mazerbo v Murphy*, 52 AD3d 1064, 1066 [2008], *appeal dismissed* 11 NY3d 770 [2008]. Here, plaintiffs asserted that water repeatedly dripped from the eaves of the roof where there were no gutters and froze on the path below. Defendant acknowledged that, although he had installed gutters along the roof over the door of the restaurant in order "to make [the entrance] passable for patrons," he did not run the gutters over that portion of the roof that extended along the path leading from the parking area. He further testified that he was aware that water from the roof would sometimes drip onto the path and freeze. Plaintiffs also submitted photographic evidence that the area of the path where plaintiff fell was located below the eaves. In addition, plaintiffs provided the affidavit of one of defendant's employees who confirmed the existence of ice on the path when plaintiff fell. That employee further stated that there had been freezing rain earlier in the day, followed by sunshine in the afternoon and that, when she arrived at work, water was dripping from the roof.

Considering this evidence in the light most favorable to plaintiffs (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Kumar v Kumar*, 96 AD3d 1323, 1326 [2012]), we conclude that questions of fact remain as to whether defendant had constructive notice that a dangerous condition existed and whether he took reasonable steps to rectify such condition (*see Black v Kohl's Dept. Stores, Inc.*, 80 AD3d at 960-961).* Accordingly, Supreme Court properly denied defendant's motion.

To the extent not specifically addressed herein, defendant's remaining contentions have been considered and found to be unavailing.

Mercure, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Defendant's hearsay testimony that his employees told him they had attended to the path at least three times on the day in question is not admissible in support of defendant's motion (*see Ulster County, N.Y. v CSI, Inc.*, 95 AD3d 1634, 1636 [2012]; *Craft v Whittmarsh*, 83 AD3d 1271, 1273 [2011]).