■ MARGARET McGOWAN et al., Appellants, v JAMES G. KENNEDY AND COMPANY, INC., Respondent and Third-Party Plaintiff, et al., Third-Party Defendant.—

Plaintiff Margaret McGowan claims to have been injured when she slipped and fell on a ramp located in a building owned by third-party defendant Pan Am and constructed by defendant contractor James G. Kennedy and Company. Plaintiff sought to recover, and tried the case, upon the theory that the ramp had been negligently constructed. Plaintiff's expert testified that the ramp was steeper than permitted under the Building Code and that it should have been equipped with handrails and a nonskid surface. It was the expert's view that these deficiencies all contributed to the likelihood of an accident.

The court's charge to the jury correctly stated that, "Plaintiff brings this action for money damages alleging that her fall resulted from the negligence of the Defendant James G. Kennedy and Company, Inc., in the construction of the ramp." The court also correctly instructed the jury that, if established, a violation of the Building Code could constitute some evidence of negligence, provided the violation was a proximate cause of plaintiff's injury.

In the course of its deliberations, the jury inquired of the court as to whether the contractor or the owner was responsible for complying with the Building Code. In response, the court, over plaintiff's objection, read the jury certain portions of the Code pertaining to building maintenance. The supplemental charge concluded, " 'C26-105.2. Owner's Responsibility. The owner shall be responsible at all times for the safe maintenance of the building and its facilities.' " A verdict in favor of the defendant contractor was returned some 10 minutes after this instruction.

We think that the natural effect of the supplemental instruction would have been to focus the jury's attention upon a theory of liability, i.e., improper maintenance, never advanced by the plaintiff. The question for the jury was not whether the contractor had negligently maintained the ramp, but whether it had negligently constructed the ramp. The supplemental instruction, however, created an unacceptable risk that the jury would address itself to the former irrelevant rather than the latter relevant issue, and in the course of so doing, absolve the contractor of negligence with which it had not been charged. As we are unable to conclude that the verdict reached under these circumstances was based on a correct application of relevant law, the verdict must be reversed and

a new trial ordered *(see, Flores v Flushing Hosp. & Med. Center,* 109 AD2d 198, 202). Concur—Murphy, P. J., Sullivan, Carro and Rosenberger, JJ.