■ ALAN S. GREEN et al., Individually and as Parents and Guardians of NATHAN C. GREEN, an Infant, et al., Respondents, v SOUTH COLONIE CENTRAL SCHOOL DISTRICT, Appellant. [916 NYS2d 345]—

Peters, J. Appeal from an order of the Supreme Court (Devine, J.), entered June 15, 2010 in Albany County, which partially denied defendant's motion for summary judgment dismissing the complaint.

On September 7, 2006, plaintiff Nathan C. Green (hereinafter plaintiff) rode the school bus home following his first day of kindergarten at Veeder Elementary School. As the bus was decelerating, plaintiff stood up from his seat and his face struck the back of the seat in front of him, causing the avulsion of one of his permanent front teeth. The incident was captured on a video recording—which contained both speed and time data—taken from a camera located at the front of the bus.

Plaintiff and his parents thereafter commenced this action alleging that defendant negligently operated the school bus by, among other things, suddenly and abruptly braking while descending on an inclined street, thereby causing plaintiff to suffer a serious injury within the meaning of Insurance Law § 5102. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint on the ground that it had breached no duty to plaintiff and, alternatively, that the injury suffered by plaintiff did not constitute a serious injury under the Insurance Law. Supreme Court found that questions of fact existed as to defendant's negligence and whether plaintiff sustained a serious injury under the permanent loss of use and permanent consequential limitation of use categories, but dismissed the complaint insofar as it asserted a significant disfigurement and significant limitation of use. Defendant appeals.

Concluding that plaintiffs failed to raise a question of fact as to whether defendant was negligent in its operation of the school bus, we modify Supreme Court's order by dismissing the complaint in its entirety. Defendant satisfied its initial burden as proponent of the summary judgment motion by demonstrating that it transported its students "in a careful and prudent manner" (*Pratt v Robinson*, 39 NY2d 554, 561 [1976]; *see Wenger v Goodell*, 220 AD2d 937, 937 [1995]; *Bruce v Hasbrouk*, 207 AD2d 10, 12 [1994], *affd* 87 NY2d 370 [1995]). Peter Tunney, defendant's Director of Transportation, averred that the bus, including its braking system, was functioning properly at the time of the incident and that the driver of the bus was qualified, experienced and properly trained to operate a school bus. He further averred that, upon his review of the video of the

incident, the bus was traveling within the speed limit, did not decelerate in an improper manner, and was otherwise operated in accordance with New York State and School District guidelines, policies and procedures. Defendant also submitted the expert affidavit of Lawrence Levine, a licensed engineer. Based upon his review of, among other things, the video surveillance of the incident and the speed data set forth therein, Levine opined that the bus driver did not apply the brakes in an improper or sudden manner and that the bus's rate of deceleration was safe, appropriate and within the applicable standard of care. His analysis, which included a graph of the speed of the bus over the 18-second period from when it slowed from 30 miles per hour to the time it stopped, indicated that the bus driver's braking was linear and "consistent over time, which means that there was not any sudden or abrupt stop." Lastly, defendant proffered the video recording of the incident which reveals no other students exhibiting any forward movement in reaction to the deceleration of the bus at the time that plaintiff sustained his injuries.

In opposition, no evidence was proffered identifying or defining the standard of care applicable to the deceleration of a school bus, nor did plaintiffs submit any admissible proof challenging the rate of deceleration propounded by Levine or indicating that the deceleration at issue here was otherwise improper or in violation of any applicable guidelines, policies or procedures (*see Gray v South Colonie Cent. School Dist.*, 64 AD3d 1125, 1128-1129 [2009]; *see also Moshier v Phoenix Cent. School Dist.*, 199 AD2d 1019, 1019 [1993], *affd* 83 NY2d 947 [1994]). Rather, plaintiffs relied upon the deposition testimony of plaintiff and his brother, who was seated next to plaintiff at the time of the incident. While both recollected a quick or sudden stop by the bus, such testimony is utterly refuted by the video evidence and Levine's analysis thereof. Furthermore, the lay testimony of plaintiff's mother—who did not witness the incident—that her review of the videotape revealed that the bus "stopped too fast" constitutes improper opinion testimony (*see Nucci v Proper*, 270 AD2d 816, 817 [2000], *affd* 95 NY2d 597 [2001]) and, in any event, is insufficient to withstand summary judgment. Accordingly, inasmuch as plaintiffs failed to submit any admissible evidence sufficient to raise a question of fact as to defendant's negligence, the complaint should have been dismissed in its entirety.

Mercure, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied defendant's mo-

tion; motion granted in its entirety, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed.