██ RAINA HYATT, Respondent, v PRICE CHOPPER OPERATING COMPANY, INC., Appellant. [933 NYS2d 770]—

Egan Jr., J.

Plaintiff commenced this action seeking to recover for injuries allegedly sustained in March 2008 while shopping at one of defendant's grocery stores in the City of Troy, Rensselaer County.

On the day in question, plaintiff opened the far left-hand door of the bagel display case, removed the desired bagels and closed the door—all without incident and, with regard to the display case in general, as she previously had done on various occasions during the course of the seven or eight years that she had shopped at this particular store. When plaintiff attempted to repeat this process using the immediately adjacent right-hand door, the door allegedly swung shut, striking the back of her hand and causing injury.* Plaintiff continued shopping and, approximately two weeks later, reported the incident to the store manager.

Following joinder of issue and discovery, during the course of which each party retained a professional engineer to examine the offending door and opine as to its allegedly defective properties or lack thereof, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion, finding that the competing expert reports and affidavits raised a question of fact as to defendant's alleged negligence. Defendant now appeals.

We affirm. In support of its motion for summary judgment, defendant tendered the affidavit and report of its expert who, after inspecting the doors on the bagel display case in August 2010, determined that the materials, manner of operation and physical properties thereof complied with applicable industry standards and were not otherwise defective. Defendant's expert further opined, after calculating the average closing time of the display case doors, that the maximum impact force that plaintiff could have experienced if the door in question closed on her hand was "not likely to even bruise an apple." Additionally, defendant proffered the affidavit and examination before trial testimony of its store manager, who stated that the display case doors were visually inspected on a daily basis when they were opened to stock the case, and that when he inspected the doors after plaintiff reported the incident, he found them to be in good working order. The manager further stated that during his tenure in that store, hundreds of customers had used the display case without incident, that he had not received any prior complaints regarding the doors' operation and that he was unaware of any prior injuries as the result thereof. Such proof, in

---

* The design of the four display case doors was such that, once fully opened, the doors would remain in that position until some external force—for example, a customer's hand—caused the doors to move past a particular point in their sweep arc, whereupon the doors would begin to self-close. According to plaintiff, she "fully opened" the right-hand door, expecting that it would remain open as the left-hand door had done.

our view, was more than sufficient to discharge defendant's burden of establishing that it maintained its premises in a reasonably safe condition and neither created the allegedly dangerous condition nor had actual or constructive notice thereof (*see Cietek v Bountiful Bread of Stuyvesant Plaza, Inc.*, 74 AD3d 1628, 1629 [2010]; *Cerkowski v Price Chopper Operating Co., Inc.*, 68 AD3d 1382, 1383-1384 [2009]; *Ensher v Charlton*, 64 AD3d 1032, 1033 [2009]; *Marszalkiewicz v Waterside Plaza, LLC*, 35 AD3d 176, 176-177 [2006]; *Hunter v Riverview Towers*, 5 AD3d 249, 249 [2004]).

In opposition, plaintiff submitted an affidavit and report from her expert, who inspected the display case in July 2010. According to plaintiff's expert, the sweep setting on the door that allegedly struck plaintiff's hand was out of adjustment, causing the door to close at a faster than normal rate of speed and resulting in what he characterized as an "unforgiving" blow to plaintiff's hand. Plaintiff's expert further opined that because the display case was located in a high traffic area, the closing mechanism on the doors needed to be inspected and maintained on a regular basis. As defendant's manager acknowledged that neither he nor his staff inspected the closing mechanism in any detail, plaintiff's expert concluded that an accident of this sort was "inevitable" and the door that allegedly struck plaintiff's hand constituted an unsafe condition.

While it is true that plaintiff's expert did not inspect the door at issue until more than two years after plaintiff's accident, there is no indication that either the door itself or the relevant closing mechanism was replaced or altered in the interim. Further, to the extent that the delayed inspection may be said to constitute a deficiency in the report submitted by plaintiff's expert, we need note only that the report submitted by defendant's expert suffers from the same alleged infirmity. Moreover, although defendant challenges the quality of the opposing expert's inspection and the methodology (or claimed lack thereof) employed, we do not find the opinion offered by plaintiff's expert to be so lacking in factual or scientific foundation as to be utterly devoid of merit (*cf. Pember v Carlson*, 45 AD3d 1092, 1094 [2007]; *compare Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d 560, 561 [2005]). While the asserted shortcomings may well go to the weight to be accorded the expert's opinion at trial, we nonetheless agree with Supreme Court that the proof submitted by plaintiff is sufficient to raise a question of fact as to defendant's alleged negligence. Accordingly, defendant's motion for summary judgment dismissing the complaint was properly denied.

Mercure, A.P.J., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.