■ FRANKLIN LOPEZ-VIOLA, Appellant, v NORMAN O. DUELL et al., Defendants, and BERNARD H. ST. AMOUR et al., Respondents. [955 NYS2d 220]—

Stein, J. Appeal from an order of the Supreme Court (J. Sise, J.), entered November 14, 2011 in Montgomery County, which granted a motion by defendants Bernard H. St. Amour and Christine M. St. Amour for summary judgment dismissing the complaint against them.

Plaintiff commenced this negligence action to recover damages for personal injuries he sustained as a passenger in a car driven by defendant Kristen E. Duell (hereinafter Duell) and owned by defendant Norman O. Duell. The Duell vehicle was traveling eastbound on State Highway 5S and attempted to make a left turn across the westbound lanes of the highway in order to enter a Target distribution center, when it collided with a truck driven by defendant Bernard H. St. Amour (hereinafter defendant) and owned by defendant Christine M. St. Amour, which was traveling westbound. Duell later pleaded guilty to a violation of Vehicle and Traffic Law § 1141 for failing to yield the right-of-way to defendant.

Defendant and Christine M. St. Amour (hereinafter collectively referred to as defendants) moved for summary judgment on the ground that there was no evidence that defendant was negligent or that his negligence, if any, was a proximate cause of the accident. Despite opposition from both plaintiff and the Duells, Supreme Court granted defendants' motion and dismissed the complaint against them, finding that the assertions of plaintiff's expert were not credible and that Duell was the sole proximate cause of the accident. Plaintiff now appeals.[1]

We reverse. In support of their motion, defendants offered, among other things, a surveillance video from the Target distri-

1. The Duells have not participated in this appeal.

bution center depicting the accident (hereinafter the Target video)[2] and an affidavit of expert accident analyst Bradford Silver. Defendants argue that this evidence, together with defendant's affidavit, established that Duell's failure to yield the right-of-way to defendant's oncoming vehicle created an emergency situation to which defendant did not have sufficient time to react. They also contend that the contrary opinion of plaintiff's expert was speculative and conclusory and, thus, insufficient to create a question of fact as to defendant's negligence.

As relevant here, defendant alleges in his affidavit that he was traveling at or about the posted speed limit of 55 miles per hour, but that he slowed down to 50 miles per hour and took his foot off the accelerator when, after exiting a curve approximately 800 to 1,000 feet before the intersection, he observed a line of vehicles exiting from Target. As defendant emerged from the curve, he observed Duell's vehicle stopped in the left-turn-only lane facing him and then roll forward at approximately 2 to 3 miles per hour without a turn signal on, which prompted him to slow further to 45 or 50 miles per hour and apply light brake pressure. According to defendant, when he was about 100 feet from Duell, she proceeded to enter his lane and he attempted to stop by applying hard brake pressure, but was unable to avoid the collision.

In his affidavit, Silver set forth the basis for his opinion that defendant was faced with an emergency situation, to which he reacted reasonably. Silver concluded, among other things, that defendant was traveling at or slightly less than 55 miles per hour at the time of the accident and that his vehicle would have been visible to Duell for 12 to 13 seconds before defendant reached the intersection. Silver also concluded that Duell rolled forward and then abruptly turned in front of defendant, and that, in the approximately 1.5 seconds that elapsed between the time Duell initiated her turn and the collision, defendant braked and steered to the right, which was the only evasive action available to defendant under the circumstances. In our view, based upon the foregoing evidence, Supreme Court correctly determined that defendants met their initial burden of demonstrating their entitlement to judgment as a matter of law (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Andrew R. Mancini Assoc., Inc. v Mary Imogene Bassett Hosp.*, 80 AD3d 933, 935 [2011]), thus shifting the burden to plaintiff to produce evidence sufficient to demonstrate a material issue of fact (see

2. We note that, while both experts relied, in part, on the Target video (see generally *Green v South Colonie Cent. School Dist.*, 81 AD3d 1139, 1141 [2011]), Supreme Court declined to view such video. Nevertheless, we may do so upon our review of the entire appellate record.

*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Helfer v Chapin*, 96 AD3d 1270, 1272 [2012]).

In opposition to the motion, the Duells offered, among other things, the police accident report and the deposition transcripts of defendant and Duell. Duell highlighted defendant's testimony that he was very familiar with the location of the accident and that, prior to the collision, he noticed a high volume of traffic exiting Target. Duell also noted that, although defendant testified that he observed her begin to move forward when he was approximately 500 feet away, he turned his attention toward the traffic exiting Target and, when he looked back, she was crossing through his lane of travel. Defendant testified that he did not sound his horn or turn his wheel prior to the collision.

Duell's testimony presented a different version of the events. According to Duell, she was stopped for approximately two minutes in the turning lane while waiting for cars to exit Target and did not see any oncoming traffic before she initiated a left turn with her signal light activated. Duell testified that, after she started to turn, she noticed that defendant was 30 feet away and she stopped in the intersection. She estimated that defendant was traveling 55 or 60 miles per hour and that about five seconds elapsed between the time she observed defendant's truck and the impact.

In addition, plaintiff offered, among other things, an affidavit of expert accident analyst Lawrence Levine, who set forth the opinion that the collision was caused, at least in part, by defendant's excessive speed for the conditions and his failure to take cautionary or evasive measures when confronted with Duell's vehicle in his lane of traffic. Significantly, Levine opined that Duell was traveling between 11 and 12 miles per hour as she turned, and that she never stopped her vehicle before impact. Levine also directly contradicted Silver's opinion regarding Duell's turn time, asserting that the Target video showed it to be 3.5 seconds. Based upon his calculations, Levine further opined that defendant was traveling in excess of 65 miles per hour when he collided with the Duell vehicle. Levine concluded that, at that speed, the skid mark left by defendant's vehicle would indicate that he had braked for less than a second, suggesting that he did not slow down when he saw or approached the traffic at the intersection. Pursuant to Levine's calculations, even if defendant were traveling at 60 miles per hour, he should have been able to stop his truck within the amount of time it took Duell to cross his lane of travel.

Initially, we note that although Duell's plea of guilty to failure to yield is evidence of her negligence, it does not preclude the

existence of a fact issue as to defendant's comparative fault (*see* Vehicle and Traffic Law § 1180 [e]; *Boston v Dunham*, 274 AD2d 708, 709-710 [2000]; *King v Washburn*, 273 AD2d 725, 726 [2000]; *Greco v Boyce*, 262 AD2d 734, 735 [1999]). Additionally, while a driver "in a proper traffic lane is not required to antici- pate that a vehicle traveling in the opposite direction will cross over into that lane" (*Khaitov v Minevich*, 277 AD2d 805, 806 [2000]; *see McGraw v Ranieri*, 202 AD2d 725, 727-728 [1994]), in order for a driver to be entitled to summary judgment based upon the emergency doctrine, he or she must demonstrate, as a matter of law, that the emergency situation with which he or she was confronted was not of his or her own making "and that his or her reaction was reasonable under the circumstances such that he or she could not have done anything to avoid the collision" (*Cahoon v Frechette*, 86 AD3d 774, 775 [2011]; *see Hubbard v County of Madison*, 93 AD3d 939, 940 [2012], *lv denied* 19 NY3d 805 [2012]).

Here, when we view the evidence in the light most favorable to plaintiff (*see Cole v Roberts-Bonville*, 99 AD3d 1145, 1148 [2012]), we conclude that the submissions of Duell and plaintiff were sufficient to defeat defendants' motion for summary judg- ment. Even though some of the conclusions of both experts are arguably refuted by the Target video, Levine's opinions are not so speculative as to be utterly devoid of merit (*see Hyatt v Price Chopper Operating Co., Inc.*, 90 AD3d 1218, 1220 [2011]). Given the generally competent conflicting expert opinions, Supreme Court should not have made credibility determinations on defendants' motion. Any shortcomings as to those opinions af- fect the weight to be accorded to them by the trier of fact, not their admissibility (*see Hyatt v Price Chopper Operating Co., Inc.*, 90 AD3d at 1220; *Herzog v Schroeder*, 9 AD3d 669, 670 [2004]; *compare Rockefeller v Albany Welding Supply Co.*, 3 AD3d 753, 756 [2004]). Further, despite Duell's guilty plea to violating Vehicle and Traffic Law § 1141, the parties' conflicting versions of the event and the contrary expert opinions demon- strate the existence of questions of fact as to whether, among other things, defendant was presented with an emergency situa- tion and, if so, whether he contributed to its making. Accord- ingly, the order of Supreme Court must be reversed.

Mercure, J.P., Spain, McCarthy and Garry, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.