■ 92 COURT STREET HOLDING CORPORATION, LLC, Respondent-Appellant, v ERIC MONNET et al., Appellants, and JONATHAN PANTANELLA, Respondent, et al., Defendant. [966 NYS2d 549]—

Stein, J. Appeals from an order of the Supreme Court (Ryan, J.), entered January 20, 2012 in Clinton County, which, among other things, granted defendant Jonathan Pantanella's motion for summary judgment dismissing the complaint against him.

In August 2005, defendants Jonathan Pantanella, Eric Monnet, Dan Shaver (hereinafter collectively referred to as defendants) and Kyle Nelson entered into a lease with plaintiff's predecessor-in-interest to rent an apartment on the second floor of a 12-unit residential apartment building. When Pantanella moved into the apartment, he assembled a propane grill and placed it on the apartment's balcony. At or about 11:00 p.m. on the night of September 30, 2005, Monnet and Shaver cooked hamburgers and hot dogs on the grill and, according to defendants, Monnet turned off the grill when he was finished with it. Approximately five hours later, the roommates awoke to a fully involved fire on the balcony and they escaped the apartment safely. However, as a result of damages caused by the fire, the apartment building was completely demolished.

Plaintiff subsequently commenced this negligence action and alleged that the fire was caused when the grill was left burning and unattended on the balcony. Defendants answered and asserted cross claims against one another. Defendants thereafter separately moved for summary judgment dismissing the

complaint against them.[1] Supreme Court granted Pantanella's motion, finding that he did not owe any duty to plaintiff. However, the court denied the motions of Monnet and Shaver on the basis that a question of fact existed with regard to their alleged negligent use of the grill. Monnet and Shaver now appeal from the denial of their summary judgment motions and plaintiff appeals from the grant of Pantanella's motion for summary judgment.

Turning first to the motions of Shaver and Monnet, it is axiomatic that they bore the initial burden of demonstrating that they were not negligent in the use of the grill (*see Cole v Roberts-Bonville*, 99 AD3d 1145, 1146 [2012]; *Green v South Colonie Cent. School Dist.*, 81 AD3d 1139, 1140 [2011]). To that end, they proffered their deposition testimony that Shaver had finished cooking his hot dog before Monnet was done cooking his hamburger. Monnet was the last person to use the grill and he testified unequivocally that he turned off the grill by turning the knob when he was finished cooking. Additionally, Pantanella and Shaver confirmed that Monnet told them immediately after the fire that he had turned off the grill. With this testimony, Shaver and Monnet met their threshold burden and shifted the burden to plaintiff to demonstrate a material issue of fact with respect to their alleged negligent use of the grill (*see Lopez-Viola v Duell*, 100 AD3d 1239, 1240 [2012]; *Adams v Anderson*, 84 AD3d 1522, 1524 [2011]).

In support of Pantanella's motion for summary judgment, he testified that he checked the propane tank for leaks while assembling the grill and that he positioned the grill on the balcony a sufficient distance from the building so that the radiant heat would not melt the vinyl siding and damage the building.[2] Pantanella also testified that he regularly emptied the grease trap and that the grill had been used frequently for more than a

---

**1.** The record before us is not clear as to the status of plaintiff's claim against Nelson and it does not contain facts setting forth the basis for such claim or any indication that Nelson moved for summary judgment dismissing the complaint.

**2.** We agree with plaintiff that Supreme Court improperly found the absence of a duty on the part of Pantanella with respect to the manner in which he positioned the grill (*see generally Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 585 [1994]; *Pulka v Edelman*, 40 NY2d 781, 782 [1976]; *St. Paul Travelers Cos., Inc. v Joseph Mauro & Son, Inc.*, 93 AD3d 658, 660 [2012]). Here, the undisputed testimony established that Pantanella owned the grill, assembled it and positioned it on the balcony of the apartment with knowledge of the attendant dangers in placing the grill too close to the vinyl siding of the building. Indeed, Pantanella's counsel conceded at oral argument that Pantanella had a duty of care with respect to the placement of the grill on the balcony.

year without a problem. In addition, defendants' testimony established that Pantanella did not use the grill on the night before the fire. Accordingly, the evidence submitted in support of Pantanella's motion was also sufficient to shift the burden to plaintiff to establish a question of fact as to his negligence.

In opposition to defendants' motions, plaintiff proffered an attorney's affidavit, the grill manual and an unsigned incident report prepared by the Plattsburgh Fire Department in an attempt to establish that the fire was the result of the negligence of Pantanella in placing the grill too close to the vinyl siding on the building, combined with the negligence of Monnet and Shaver in failing to turn the grill off after they were finished using it. In this regard, we discern no error in Supreme Court's refusal to consider the fire department's report. An unsigned report may be considered in opposition to a motion for summary judgment only when it is not the sole competent evidence submitted (*see Craft v Whittmarsh*, 83 AD3d 1271, 1273 [2011]; *Seybolt v Wheeler*, 42 AD3d 643, 645 [2007]; *Bond v Giebel*, 14 AD3d 849, 850 [2005]). Standing alone, such a report is insufficient to raise a triable issue of fact, absent some excuse for the failure to produce evidence in admissible form (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Craft v Whittmarsh*, 83 AD3d at 1273; *Kaufman v Quickway, Inc.*, 64 AD3d 978, 980-981 [2009], *affd* 14 NY3d 907 [2010]).

Here, plaintiff did not produce evidence as to the cause of the fire in admissible form—such as an affidavit, sworn report or other document established as a business record—or proffer any excuse for failing to do so.[3] Further, even if the fire department report were considered, it cited multiple ignitions from multiple areas of origin and listed no particular cause of ignition. Accordingly, we conclude that plaintiff failed to meet its burden of demonstrating the existence of a triable issue of fact regarding whether defendants' negligence was a substantial cause of the fire (*see 2 N. St. Corp. v Getty Saugerties Corp.*, 68 AD3d 1392, 1395 [2009], *lv denied* 14 NY3d 706 [2010]; *Jock v Landmark Healthcare Facilities, LLC*, 62 AD3d 1070, 1072-1073 [2009]; *Rockefeller v Albany Welding Supply Co.*, 3 AD3d 753, 755-756 [2004]).

Finally, plaintiff has not established its entitlement to an

---

**3.** To the extent that plaintiff now attempts to rely on the unsworn report of its expert—submitted by Pantanella in his reply to plaintiff's opposition to his motion—we note that the record reflects that plaintiff's expert has been in possession of the suspect grill and propane tank for more than six years but, inexplicably, has not performed any testing on the grill or reached any conclusive opinion regarding the cause of the fire.

inference of negligence pursuant to the doctrine of res ipsa loquitur. To do so, plaintiff was required to demonstrate, among other things, that the fire was one that ordinarily would not have occurred in the absence of defendants' negligence (*see Fontanelli v Price Chopper Operating Co., Inc.*, 89 AD3d 1176, 1178 [2011]; *Norton v Albany County Airport Auth.*, 52 AD3d 871, 875 [2008]; *Ladd v Hudson Val. Ambulance Serv.*, 142 AD2d 17, 20-21 [1988]). While plaintiff need not have eliminated every alternative explanation for the event, it was required to demonstrate that the probability of other causes was so reduced that defendants' negligence was more likely than not to have caused the injury (*see Fontanelli v Price Chopper Operating Co., Inc.*, 89 AD3d at 1178; *Rondeau v Georgia Pac. Corp.*, 29 AD3d 1066, 1069 [2006]; *De Sanctis v Montgomery El. Co.*, 304 AD2d 936, 937 [2003]). In view of plaintiff's failure to proffer any admissible evidence—or, indeed, any evidence whatsoever based upon more than pure speculation—that negligence was a factor in the cause of the fire, plaintiff has not met its burden of demonstrating that res ipsa loquitur applies (*see Hartford Ins. Co. of Midwest v Orange & Rockland Utils., Inc.*, 103 AD3d 846, 847 [2013]; *Ali Abd Aloan Alomsi v 250 Dean, LLC*, 101 AD3d 1056, 1057 [2012]; *One Beacon Ins. Co. v CMB Contr. Corp.*, 84 AD3d 902, 902 [2011]).

We have examined plaintiff's remaining arguments and find them to be without merit.

Rose, J.P., Spain and McCarthy, JJ., concur. Ordered that the order is modified, on the law, with one bill of costs to defendants Eric Monnet, Dan Shaver and Jonathan Pantanella, by reversing so much thereof as denied motions by defendants Eric Monnet and Dan Shaver for summary judgment dismissing the complaint against them; said motions granted and complaint dismissed against said defendants; and, as so modified, affirmed.