*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 14, 2016                    522221
_____

MONTASSER M. ELSAWI et al.,
    Individually and as Parents
    and Guardians of ANISA
    MONTASSER ELSAWI, an Infant,
                      Respondents,
            v                                    MEMORANDUM AND ORDER

SARATOGA SPRINGS CITY SCHOOL
    DISTRICT,
                      Appellant.
_____

Calendar Date:   June 3, 2016

Before:  Peters, P.J., Lahtinen, Egan Jr., Rose and Clark, JJ.

                    _____


        The Mills Law Firm, Clifton Park (Christopher K. Mills of
counsel), for appellant.

        Powers & Santola, LLP, Albany (Michael J. Hutter of
counsel), for respondents.

                    _____


Rose, J.

        Appeal from an order of the Supreme Court (Crowell, J.),
entered June 30, 2015 in Saratoga County, which, among other
things, denied defendant's motion for summary judgment dismissing
the complaint.

        In May 2011, Anisa Montasser Elsawi was rehearsing with her
classmates for a choral concert at defendant's Maple Avenue
Middle School when a stage riser collapsed as she walked across
it, causing her to fall and suffer injuries.  Plaintiffs, who are
Elsawi's parents, commenced this action against defendant

alleging negligence and asserting a derivative claim.  Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint and plaintiffs cross-moved for summary judgment on the issue of liability.  Supreme Court denied both motions and ruled that plaintiffs were entitled to a jury charge on the doctrine of res ipsa loquitur.  Defendant now appeals.

Plaintiffs do not dispute that defendant met its initial burden of demonstrating that it "maintained the [riser] in a reasonably safe condition and neither created nor had actual or constructive notice of the allegedly dangerous condition" (McGrath v George Weston Bakeries, Inc., 117 AD3d 1303, 1304 [2014]; accord Riozzi v 30 Kingston Realty Corp., 112 AD3d 1033, 1033 [2013]).  In support of defendant's motion, the head custodian at Maple Avenue Middle School and defendant's expert, a licensed engineer who examined the riser in December 2012, averred that the riser was well maintained, had no obvious defects and was properly assembled and inspected by defendant's custodial staff prior to the incident in question.

In response, plaintiffs submitted their own expert affidavit from a licensed engineer who, in August 2014, examined the riser and supplemented his observations with photographic exhibits.  Upon examining the area around the point at which the upper and lower portions of the riser's support braces lock together via a spring-loaded pin, plaintiffs' expert observed tool marks and a brace bar bent outward in a manner inconsistent with normal wear.  He further stated that neither of the upper brace bars laid flush against the walls of the lower portion of the brace – a steel "C channel" – which was itself bent and "flared" open.  Based upon his observations, plaintiffs' expert opined to a reasonable degree of engineering certainty that, when Elsawi walked across the riser, the bent upper brace bar and "flared" condition of the lower C channel caused the brace locking mechanism to disengage and the riser to collapse, and the tool marks near that area were indicative of a failed attempt to fix the problem.  He further opined that these defects in the riser braces were "easily observable," and their existence led him to believe that the risers were not properly maintained or inspected before they were used.

In light of the foregoing, we cannot agree with defendant's argument that the affidavit of plaintiffs' expert is conclusory, unsupported or legally insufficient to defeat its motion for summary judgment. While plaintiffs' expert did not examine the riser until three years after the incident, there is no evidence in the record indicating that its condition had deteriorated between the date of the incident and the date of his examination, and "we do not find [his] opinion . . . to be so lacking in factual or scientific foundation as to be utterly devoid of merit" (Hyatt v Price Chopper Operating Co., Inc., 90 AD3d 1218, 1220 [2011]). While the shortcomings that defendant perceives may well affect the weight to be accorded to the expert's opinion at trial, his affidavit is legally sufficient to raise triable issues of fact at this stage (see Lopez-Viola v Duell, 100 AD3d 1239, 1242 [2012]; Hyatt v Price Chopper Operating Co., Inc., 90 AD3d at 1220). Accordingly, viewing the evidence in a light most favorable to plaintiffs, we find that Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint.

We also agree with Supreme Court's determination that plaintiffs raised questions of fact regarding a res ipsa loquitur theory of negligence (see Morejon v Rais Constr. Co., 7 NY3d 203, 209 [2006]; Brumberg v Cipriani USA, Inc., 110 AD3d 1198, 1200 [2013]). Contrary to defendant's contention, plaintiffs' allegations of specific acts of negligence do not preclude them from alternatively relying on a res ipsa theory (see Abbott v Page Airways, 23 NY2d 502, 512-513 [1969]; see Rossetti v Board of Educ. of Schalmont Cent. School Dist., 277 AD2d 668, 671 [2000]). However, the court's ruling that a jury charge would be given was premature, as proof related to the applicability of the doctrine has yet to be adduced at trial (see Weeks v St. Peter's Hosp., 128 AD3d 1159, 1161-1162 [2015]).

Peters, P.J., Lahtinen, Egan Jr. and Clark, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as ordered that plaintiffs are entitled to a jury charge on the doctrine of res ipsa loquitur, and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court