Galue v Independence 270 Madison LLC (2020 NY Slip Op 03463)





Galue v Independence 270 Madison LLC


2020 NY Slip Op 03463


Decided on June 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2020

Manzanet-Daniels, J.P., Gesmer, Oing, Moulton, González, JJ.


303246/11 10811A 10811

[*1] Alberto Galue, Plaintiff-Appellant,
v
Independence 270 Madison LLC, et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Martin Clearwater & Bell LLP, New York (Barbara D. Goldberg of counsel), for Independence 270 Madison LLC, 270 Madison Avenue Associates LLC, and ABS Partners Real Estate LLC, respondents.
Koster, Brady & Nagler LLP, New York (William J. Volonte of counsel), for J. Spaccarelli Construction Co., Inc., respondent.



Judgments, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered December 21, 2016, upon a jury verdict in defendants' favor, dismissing the complaint, unanimously reversed, on the law and the facts, without costs, and the matter remanded for a new trial on the issue of liability consistent with this decision.
Plaintiff commenced a personal injury action after his head was allegedly hit by a towel dispenser/trash receptacle unit (TD/TR unit) installed by defendant Spaccarelli Construction Co., Inc. The TD/TR unit fell out of a bathroom wall in a building owned by defendant Independent 270 Madison LLC and 270 Madison Ave Assocs LLC and operated by defendant ABS Partners Real Estate LLC.
Contrary to plaintiff's argument, the prior decisions of this Court and supreme court on the parties' motions for summary judgment (see Galue v Independence 270 Madison LLC, 119 AD3d 403 [1st Dept 2014], modfg 2013 WL 6711534 [Sup Ct, Bronx County, Aug. 13, 2013, index No. 303246/11]) did not constitute law of the case so as to require the trial court to charge the jury on res ipsa loquitur; rather, charging the jury on that doctrine was dependent upon the proof adduced at trial (see Elsawi v Saratoga Springs City Sch. Dist., 141 AD3d 921, 923 [3d Dept 2016]).
Based upon that proof, we find that the trial court improvidently exercised its discretion in declining to charge the jury on res ipsa loquitur. A res ipsa charge "merely permits the jury to infer negligence from the circumstances of the occurrence" (Kambat v St. Francis Hosp., 89 NY2d 489, 495 [1997]). The doctrine does not require "sole physical access to the instrumentality causing the injury" (Banca Di Roma v Mutual of Am. Life Ins. Co., Inc., 17 AD3d 119, 121 [1st Dept 2005]; see Sangiovanni v Koloski, 31 AD3d 422, 423 [2d Dept 2006]; Johnson v Farr, 268 AD2d 560 [2d Dept 2000], lv denied 95 NY2d 754 [2000]). The trial court should also have charged that a violation of Administrative Code of the City of New York § 28-301.1, which requires property owners to maintain their buildings in a safe condition, constitutes "some evidence of negligence" (see McGowan v Kennedy & Co., 158 AD2d 420, 421 [1st Dept 1990]). To the extent that the TD/TR unit allegedly fell out of the wall eight months after installation by defendant John Spaccarelli, the court erred by failing to allow plaintiff to fully question the credentials of Mr. Spaccarelli and his qualifications as an expert (McLamb v Metropolitan Suburban Bus Auth., 139 AD2d 572 [2d Dept 1988], citing Felt v Olson, 51 NY2d 977 [1980]).
In view of the foregoing, we need not reach defendants' argument concerning the denial [*2]of their motions for a directed verdict at the close of plaintiff's case (see generally CPLR 5501(a)(1); Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]). We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2020
CLERK