Ballard v Sin City Entertainment Corp. (2020 NY Slip Op 06842)





Ballard v Sin City Entertainment Corp.


2020 NY Slip Op 06842


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

Before: Gische, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 20869/12 Appeal No. 12434 Case No. 2020-02995 

[*1]Andre Ballard et al., Plaintiffs-Appellants,
v
Sin City Entertainment Corp., et al., Defendants-Respondents, John Does 1-5 et al., Defendants.


Paul H. Maloney, PC, New York (Michael K. O'Donnell of counsel), for appellants.
Harfenist Kraut & Perlstein, LLP, Lake Success (Steven J. Harfenist of counsel), for Sin City Entertainment Corp. and SCE Group Inc., respondents.
O'Toole Scrivo, LLC, New York (Sean C. Callahan of counsel), for Emissary Security Group Inc., respondent.



Order, Supreme Court, Bronx County (Donna Mills, J.), entered October 15, 2019, which granted defendants Sin City Entertainment Corp. and SCE Group, Inc.'s (together, Sin City) motion for summary judgment dismissing the complaint and, upon a search of the record, granted summary judgment dismissing the complaint as to defendant Emissary Security Group Inc. (Emissary), unanimously reversed, on the law, without costs, to deny summary judgment to [*2]all defendants.
Issues of fact remain as to defendants' control of the street in front of the club, where plaintiffs' assault occurred (see generally D'Amico v Christie, 71 NY2d 76, 85 [1987]); whether defendants could or should have foreseen plaintiffs' assault, given not only the events that transpired in the club prior to the assault (see Ash v Fern, 295 AD2d 869 [3d Dept 2002]; Haber v Precision Sec. Agency, 24 Misc 3d 1229[A], 2009 NY Slip Op 51667[U] [Sup Ct, Kings County 2009]), but also the acts of violent or criminal conduct at the club predating plaintiffs' assault (see e.g. Britt v SCE Group Inc, Sup Ct, Bronx County, May 28, 2014, Thompson, J., index No. 309856/11; see also Matter of SCE Group Inc. v New York State Liq. Auth., 159 AD3d 519 [1st Dept 2018]; see generally Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]; Maria T. v New York Holding Co. Assoc., 52 AD3d 356, 357 [1st Dept 2008], lv denied 11 NY3d 708 [2008]) and, whether Sin City was the special employer, and is therefore vicariously liable for the acts and omissions, of Emissary's bouncers, who provided security for Sin City on the night in question and allegedly assaulted the plaintiffs (see Britt; see also Fauntleroy v EMM Group Holdings LLC, 133 AD3d 452, 453 [1st Dept 2015]; Babikian v Nikki Midtown, LLC, 60 AD3d 470, 471 [1st Dept 2009]; see generally Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557-558 [1991]). Accordingly, Supreme Court should not have dismissed plaintiffs' negligence claims against any defendant.
Defendants failed to demonstrate, prima facie, that plaintiffs' assailants were not served alcohol while visibly intoxicated or that the sale of alcohol to the assailants had no reasonable or practical connection to plaintiffs' assault (General Obligations Law § 11-101; Trigoso v Correa, 150 AD3d 1041, 1043 [2d Dept 2017]). Instead, defendants relied on plaintiffs' inability to prove that the assailants were served alcohol or were intoxicated. However, a defendant when moving for summary judgment cannot merely point to gaps in the plaintiffs' evidence, but must affirmatively demonstrate entitlement to summary judgment (Koulermos v A.O. Smith Water Prods., 137 AD3d 575 [1st Dept 2016])). Further, Sin City's argument that plaintiffs' complaint failed to state a cause of action under the Dram Shop Act is raised for the first time on appeal and we will not consider it.
In light of our decision reversing summary judgment as to Sin City, we need not reach the issue of whether summary judgment should also have been granted to nonmovant Emissary.
We decline to address plaintiffs' request for spoliation sanctions, since they did not cross-move or otherwise apply for that relief (cf. J.B. ex rel. Aileen M. v R.M. ex rel. Janet W., 51 Misc 3d 1213[A], 2015 NY Slip Op 51991[U], *3 [Sup Ct, Greene County 2015]). The matter should be decided by Supreme Court in the first instance, either on plaintiffs' motion (cf. Creative Cabinet Corp. of Am. v Future Visions Computer Store, 140 AD2d 483, 484-485 [2d Dept 1988] [plaintiff who did not cross-appeal could move Supreme Court to amend complaint to properly name defendant, "if it be so advised"]; Brown v Lockwood, 76 AD2d 721, 742 [2d Dept 1980] [plaintiff could move for partial summary judgment on his second cause of action on remittitur "(i)f he be so advised"]) or at trial, dependent upon the proof adduced thereat (see Rodriguez v 551 Realty LLC, 35 AD3d 221, 221 [1st Dept 2006] ["plaintiff may, if so advised, seek an adverse
inference charge at trial"]; cf. Galue v Independence 270 Madison LLC, 184 AD3d 479 [1st Dept 2020] [charging jury on res ipsa loquitur was dependent upon proof adduced at trial]).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2020