# Ellerbee v 61 W. 62 Owners Corp.

2024 NY Slip Op 31731(U)

May 20, 2024

Supreme Court, New York County

Docket Number: Index No. 150003/2013

Judge: Debra A. James

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. DEBRA A. JAMES**                    PART    59

*Justice*

-------------------------------------------------------------------------X

LISA ELLERBEE,

INDEX NO.            150003/2013

Plaintiff,

MOTION DATE        10/12/2022

- v -

MOTION SEQ. NO.        002 003

61 WEST 62 OWNERS CORP., COOPER SQUARE
REALTY, INC., CENTENNIAL ELEVATOR INDUSTRIES
INC., and JOHN A. VAN DUESEN & ASSOCIATES, INC.,

**DECISION + ORDER ON
MOTION**

Defendants.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 84, 85, 88, 90, 91, 92, 93, 94, 95, 96, 103, 104, 105

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 86, 89, 97, 98, 99, 100, 101, 102, 106

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

ORDER

Upon the foregoing documents, it is

ORDERED that the motion of the defendants 61 West 62 Owners Corp, Cooper Square Realty, Inc, and Centennial Elevator Industries, Inc., for summary judgment dismissing the complaint and cross-claims against them, is denied (motion sequence number 001); and it is further

ORDERED that to the extent that it seeks summary judgment dismissing the cross claim for contractual indemnification of defendant Centennial Elevator Industries, Inc. against defendant John A. Van Duesen Associates Inc., the motion of the defendant

John A. Van Duesen & Associates, Inc. for summary judgment (motion sequence number 002), is granted, and such cross claim is dismissed; and it is further

ORDERED that to the extent that it seeks summary judgment dismissing the cross claim for common law indemnification of defendant Centennial Elevator Industries, Inc. against defendant John A. Van Duesen Associates Inc., the motion for summary judgment of defendant John A. Van Duesen Associates Inc. (motion sequence number 002), is granted, and such cross claim is dismissed; and it is further; and it is further

ORDERED that to the extent that it seeks summary judgment in its favor dismissing the complaint and dismissing the cross claim for contribution of defendant Centennial Elevator Industries, Inc., the motion for summary judgment of defendant John A. Van Duesen Associates Inc. (motion sequence number 002), is denied; and it is further

ORDERED that, as per the Note of Issue filed on August 12, 2021 (NYSCEF Document Number 56), counsel are directed to confer with the Clerk of the Trial Assignment Part 40 (TAP 40) for assignment of a date for mediation and/or trial.

## DECISION

In this action, plaintiff Lisa Ellerbee seeks damages against defendants for personally injury. She complains that, on June 25, 2012, she suffered injury to her finger, when her hand was struck

by the door of a passenger elevator, as she was entering such elevator of the building owned by defendant 61 West 62 Owners Corp. and owned by defendant 61 West 62 Owners Corp, where she resides.

Defendant Cooper Square Realty, Inc. ("Cooper Square') is the managing agent of the building retained by 61 West 62 Owners Corp., which contracted with defendant Centennial Elevator Industries, Inc. to service and repair the elevator. Defendant John A. Van Duesen & Associates, Inc ("Van Duesen") was also retained by defendant Cooper Square to manage, supervise and observe the inspections performed on the elevator.

Defendants 61 West 62 Owners Corp, Cooper Square Realty, Inc., and Centennial Elevator Industries, Inc. and defendant Van Duesen each move for summary judgment.

All defendants submit evidence in the form of a video of the accident, the examination before trial of plaintiff, depositions testimony of representatives of each of the defendants, the accident report, and the expert report of a professional engineer, which they contend prima facie establish that plaintiff is solely responsible for her injuries, having created the dangerous condition by attempting to enter the elevator when the doors were already closing. In particular, they contend that the video of the actual accident shows that plaintiff used her hand to attempt to stop an already closing elevator door, as she rushed to enter such elevator. In addition, defendants assert that the evidence

demonstrate that they had neither actual nor constructive notice of the elevator's alleged dangerous condition.

Defendants have not proffered an affidavit from a videographer or expert, or otherwise, witness with knowledge, that is required to establish that the video is a true and accurate representation of what was before the camera. See Zegarelli v Hughes, 3 NY3d 64, 69 (2004). Therefore, as the video of the accident that defendants contend conclusively establishes that plaintiff caused her injury has not been authenticated, it is not "in admissible form", Kuti v Sera Security Services, 182 AD3d 401, 404 (1st Dept 2020). Thus, the court cannot consider such evidence on defendants' motion for summary judgment relief.

In addition, the court does not find plaintiff's expert affidavit to be "so lacking in factual or scientific foundation to be utterly devoid of merit" and thus, such report is sufficient to create a triable issue of fact. See Hyatt v Price Chopper Operating Co., 90 AD3d 1218, 1220 (3d Dept 2011). The defendants' expert contends that the competing report of plaintiff's expert improperly bases its conclusion on misconstrued facts. Such matters implicate issues of credibility that cannot be resolved by summary judgment. Hyatt, ibid.

In addition, in his affidavit, plaintiff's expert references a Quality Control Report ("QCR") dated April 19, 2012, issued about two months and one week before plaintiff's accident, and another

QCR dated June 11, 2012, which lists a surveys and analyses of the elevator conducted on April 12, and May 12, 2012, the former approximately two months and one week, and the latter approximately one month and one week before the accident. Her expert opines that each QCR documents the opening time of the elevator door as 4.3 seconds, while posting the standard opening time as 2.0 – 2.5 seconds; and the closing time of the elevator door as 5.3 seconds, while posting the standard time as 4.0 – 4.8 seconds. Such evidence raises a triable issue of fact whether the defendants were on notice of the alleged dangerous condition. (NYSCEF Doc. No. 101, p. 3.)

Moreover, as plaintiff's complaint does not depend entirely on the applicability of res ipsa loquitur, summary judgment, on that basis, in favor of defendants is not warranted. Compare Graham v Wohl, 283 AD2d 261 (1st Dept 2001). Also, as stated in Carter v New York City Housing Authority, 176 AD3d 605, 606 (1st Dept 2019), "disputed issues regarding defendant[s'] control and whether, as defendant[s] contend, plaintiff's own actions may have affected the instrumentality involved in the accident, are for the jury to decide".

Finally, though the cross claim of defendant Centennial Elevator Industries, Inc. against defendant John A. Van Duesen Associates Inc. for contractual indemnity and for common law indemnification fail for lack of privity and for lack of vicarious

[* 5]

liability, respectively, the cross claim for common law contribution of co-defendant Centennial Elevator Industries, Inc. against John A. Van Duesen Associates Inc., as joint tort-feasor, has merit. See Board of Hudson City School Dist v Sargent, Webster & Folley, 71 NY2d 21, 27 (1987).

However, neither defendants 61 West 62 Owners Corp./Cooper Square Realty, Inc., nor defendant Centennial Elevator Industries, Inc., append a copy of the contract between defendant Centennial Elevator Industries, Inc., and defendant Cooper Square Realty, Inc., or the contract between Cooper Square Realty, Inc. and defendant 61 West 62 Owners Corp to their motion papers. Thus, the court is unable to determine the merit or lack thereof of the cross claims of defendant Centennial Elevator Industries, Inc. against defendants 61 West 62 Owners Corp and/or Cooper Square Realty, Inc.

Before the court is a copy of the contract between defendant Van Duesen and defendant Cooper Square Realty, which makes defendant Van Duesen responsible for the worked performed directly by its employees only. (NYSCEF Document Number 81, p 5 "VI Indemnification"). Such provision and the other evidence before this court raises an issues of fact with the cross claims for contractual indemnification of defendant Van Duesen against co-defendant Cooper Square Realty, with respect to vicarious

liability, precluding summary judgment dismissal of defendant Van Duesen's cross claims against defendant Cooper Square Realty, Inc.

20240520151537DJAMES3F1C7C400BBC4033808538237AFFAA2B

_5/20/2024_
**DATE**

**DEBRA A. JAMES, J.S.C.**

CHECK ONE:

[ ] CASE DISPOSED    [X] NON-FINAL DISPOSITION

[ ] GRANTED   [X] DENIED    [ ] GRANTED IN PART    [ ] OTHER

APPLICATION:    [ ] SETTLE ORDER    [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:    [ ] INCLUDES TRANSFER/REASSIGN    [ ] FIDUCIARY APPOINTMENT    [ ] REFERENCE